Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice forthcoming*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice forthcoming*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TERRELL ABERNATHY, et al., | Case No. 3:19-cv-07545 |
| *Petitioners,* | **PETITION FOR ORDER COMPELLING ARBITRATION** |
| vs. | |
| DOORDASH, INC., | |
| *Respondent.* | |

Petitioners file this Petition for an Order compelling Respondent DoorDash, Inc. to arbitration as follows:

## **NATURE OF THE PETITION**

1. Petitioners are 2,236 DoorDash couriers ("Dashers") who are attempting to arbitrate individual claims against DoorDash for misclassifying them as independent contractors instead of employees. Petitioners contend that in misclassifying them, DoorDash has violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and related California state and local laws.

2. In order to begin making deliveries for DoorDash, each Petitioner was required to sign a contract that contained a sweeping "Mutual Arbitration Provision." No Petitioner recalls opting out of that arbitration provision.

3. The Mutual Arbitration Provision requires that the parties arbitrate any dispute regarding a Dasher's classification as an independent contractor. The provision also requires that arbitration be administered by the American Arbitration Association ("AAA") under AAA's Commercial Rules. Those Rules, in turn, authorize AAA to require that each party pay filing fees before AAA will empanel an arbitrator and proceed with the parties' arbitration. DoorDash's arbitration provision expressly requires that DoorDash pay a portion of the fees and costs necessary to commence arbitration.

4. On August 26, 2019, in accordance with the parties' agreement, counsel for Petitioners served an individual demand for arbitration on DoorDash and AAA on behalf of each Petitioner. Each Petitioner promptly satisfied his or her filing-fee obligation.

5. AAA determined that each Petitioner's demand for arbitration met the requirements under AAA's rules to proceed with arbitration. Thus, pursuant to its rules, AAA imposed succesive deadlines of October 14, 2019, October 28, 2019, and November 7, 2019 for DoorDash to pay its share of the filing fees necessary to commence each Petitioner's arbitration and empanel an arbitrator.

6. DoorDash refused to comply with AAA's deadlines. It did not pay the filing fees necessary for a single Petitioner to proceed with arbitration.

7. On November 8, 2019, AAA terminated Petitioners' arbitrations due to DoorDash's

refusal to satisfy its filing fee obligations.

8.  Petitioners have filed this Petition to require DoorDash to abide by the arbitration agreement it drafted.

**PARTIES**

9.  Petitioners are Dashers who have made deliveries for DoorDash in California. Details for each Petitioner are listed in Exhibit A.

10. Respondent DoorDash, Inc. is a Delaware corporation headquartered at 901 Market Street, Sixth Floor, San Francisco, California 94103.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

12. This Court has personal jurisdiction over DoorDash because DoorDash has its headquarters and principal place of business in California.

13. Venue is proper in this district (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because DoorDash is headquartered and conducts business in San Francisco County, and many of the acts and omissions complained of occurred in San Francisco County.

**INTRADISTRICT ASSIGNMENT**

14. This action is properly assigned to the San Francisco Division of this District, pursuant to Civil Local Rule 3-2(c) and (d), because a substantial part of the events or omissions that give rise to the claim occurred in San Francisco County, which is served by the San Francisco Division.

**BACKGROUND**

15. DoorDash is an on-demand delivery service through which customers may order food and other items from participating merchants for delivery. DoorDash pays Dashers to make those deliveries.

16. Petitioners are Dashers whom DoorDash has misclassified as independent contractors rather than employees, in violation of federal, state, and local law.

17. DoorDash executed an agreement with each Petioner requiring that DoorDash and the Petitioner individually arbitrate any claim arising from the agreement, including a claim that the Petitioner has been misclassified. *See, e.g.*, Ex. B (DoorDash's 2019 Independent Contractor Agreement). The agreement further requires that the arbitration be administered by AAA under its Commercial Arbitration Rules. *See id.*

18. Under the Commercial Rules, "[t]he arbitrator shall interpret and apply the[] rules insofar as they relate to the arbitrator's powers and duties." Commercial Rule 8. Where no arbitrator is yet available, or where a rule does not involve the "arbitrator's powers and duties," the rules "shall be interpreted and applied by the AAA." *Id.*[1]

19. Commercial Rule 56 further authorizes AAA to "require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee." Commercial Rule 56.

20. The Commercial Rules also state that AAA's Employment Fee Schedule applies where, as here, workers bring claims asserting that they were misclassified as independent contractors. *Id.* at 2 n.*. And the Employment Fee Schedule states that "[t]he employer or company's share of filing fees is due as soon as the employee or individual meets his or her filing requirements." Employment Fee Schedule at 2.[2]

21. DoorDash has enforced its broad arbitration agreement to preclude couriers from filing misclassification claims against it in court. *See, e.g.*, *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891 (N.D. Cal. 2018) (compelling a Dasher to arbitrate misclassification claims); *Mckay v. DoorDash, Inc.*, No. 19-cv-04289-MMC, 2019 WL 5536199 (N.D. Cal. Oct. 25, 2019) (same).

22. On August 26, 2019, in accordance with the parties' agreement, counsel for Petitioners served an individual demand for arbitration on DoorDash and AAA on behalf of each Petitioner. Each Petitioner promptly satisfied his or her filing-fee obligation.

23. AAA then determined that each Petitioner's arbitration demand satisfied AAA's filing requirements.

---

[1] Available at https://www.adr.org/sites/default/files/CommercialRules_Web_FINAL_1.pdf.

[2] Available at https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19.pdf.

24.     Applying its Commercial Rules and Employment Fee Schedule, AAA imposed a deadline of October 14, 2019 for DoorDash to pay the filing fees it owed for AAA to empanel arbitrators and proceed with Petitioners' arbitrations.

25.     DoorDash sought an extension of that deadline, which AAA granted, to October 28, 2019.

26.     DoorDash did not pay the filing fees it owed on October 28 because, it argued, each Petitioner's demand was "insufficient to launch arbitration under the DoorDash Independent Contractor Agreement, as well as AAA's own rules."

27.     AAA rejected that argument and made "an administrative determination that the minimum filing requirements have been met by [Petitioners]." AAA thus set a final deadline of November 7, 2019 for DoorDash to pay the filing fees it owed.

28.     DoorDash refused to comply with that deadline. It did not pay the fees for an arbitrator to be empaneled for a single Petitioner's arbitration.

29.     On November 8, 2019, AAA "administratively closed" Petitioners' files because DoorDash "failed to submit the previously requested filing fees for [Petitioners'] individual matters."

## **CONCLUSION**

30.     Each Petitioner and DoorDash entered into an agreement requiring them to arbitrate the issue of whether that Petitioner is an independent contractor or an employee.

31.     DoorDash breached that agreement because it refused to comply with AAA's administrative determinations regarding the filing fees it must pay under the agreement—fees AAA requires before it will empanel arbitrators and begin Petitioners' arbitrations.

32.     Until DoorDash complies with AAA's administrative determinations, Petitioners' arbitrations cannot commence. Petitioners are in limbo: Their arbitration agreements prevent them from bringing their claims in court, but DoorDash refuses to arbitrate their claims under the terms of the arbitration agreement.

33.     Accordingly, this Court should compel DoorDash to arbitrate under 9 U.S.C. § 4.

# **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request that this Court:

34. Enter an Order requiring that DoorDash arbitrate each Petitioner's claims under the Mutual Arbitration Provision, including by paying the arbitration fees and costs AAA determines are necessary to empanel arbitrators and proceed with arbitrations.

Dated: November 15, 2019

Respectfully submitted,

/s/ Keith A. Custis
Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice forthcoming*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice forthcoming*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served on DoorDash, Inc. at its registered agent for service of process, Registered Agent Solutions, Inc. 1220 S. Street, Suite 150, Sacramento, CA 95811, on or around November 18, 2019.

Dated: November 15, 2019                    /s/ Keith A. Custis