Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice forthcoming*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice forthcoming*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>Petitioners,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>Respondent. | Case No. 3:19-cv-07545<br><br>**DECLARATION OF ASHLEY KELLER IN SUPPORT OF PETITIONERS' MOTION TO COMPEL ARBITRATION**<br><br>**Hearing:**<br>**Date**:   December 20, 2019<br>**Time:**   9:00 a.m.<br>**Judge:**   Hon. Maxine M. Chesney |

## DECLARATION OF ASHLEY KELLER

I, Ashley Keller, declare based on personal knowledge as follows:

1. I am a Partner at Keller Lenkner LLC, counsel for Petitioners in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This declaration is submitted in support of Petitioners' Motion to Compel Arbitration.

4. DoorDash requires every courier ("Dasher") to sign an agreement containing an arbitration provision before that Dasher may begin making deliveries for DoorDash. Attached as Exhibit A is a true and correct copy of that agreement.

5. Each Petitioner has signed a declaration stating that he or she has worked as a DoorDash courier and does not recall opting out of the arbitration provision. Attached as Exhibit B is a true and correct copy of one Petitioner's declaration.[1]

6. On July 2, 2019, Keller Lenkner filed demands for individual arbitration with AAA and DoorDash on behalf of 250 Dashers. Attached as Exhibit C is a true and correct copy of one of those demands.

7. AAA determined that those 250 claimants met their filing requirements, and it imposed a deadline of August 6, 2019 for DoorDash to pay its share of the filing fees necessary to empanel arbitrators and proceed with the 250 individual arbitrations.

8. On July 29, 2019, DoorDash requested a two-week extension of AAA's payment deadline so it could review each "arbitration demand, analyze its compliance with DoorDash's arbitration agreement, and research company records to try to identify the 250 claimants who are purportedly asserting claims." Attached as Exhibit D is a true and correct copy of that email.

9. After completing that process, DoorDash did not raise any objection to AAA's administrative determination that each claimant had met his or her filing requirements, and it paid

---

[1] To save judicial resources, Keller Lenkner has not filed each Petitioner's signed declaration. If the Court wishes to review additional declarations, Keller Lenkner will provide as many as the Court deems necessary.

the fees necessary for AAA to empanel arbitrators.

10. On August 26, 2019, Keller Lenkner filed a demand for individual arbitration with AAA and DoorDash on behalf of each Petitioner, 2,236 demands in total. Attached as Exhibit E is a true and correct copy of the email accompanying Petitioners' arbitration demands. And attached as Exhibit F is one Petitioner's arbitration demand.

11. Petitioners' promptly satisfied their filing-fee obligations.

12. On September 23, 2019, AAA sent an email to DoorDash's counsel (i) confirming that each Petitioner's demand met AAA's filing requirements, and (ii) setting October 14, 2019, as the deadline for DoorDash to pay the filing fees necessary to empanel arbitrators and commence Petitioners' arbitrations. Attached as Exhibit G is a true and correct copy of that email.

13. On October 7, 2019, DoorDash requested a 30-day extension of AAA's payment deadline so it could review each "arbitration demand, analyze its compliance with DoorDash's arbitration agreement, and research company records to try to identify the [Petitioners] who are purportedly asserting claims." Attached as Exhibit H is a true and correct copy of that email.

14. AAA granted DoorDash an extension to October 28, 2019.

15. On the evening of October 28, 2019, DoorDash sent an email to AAA stating that it would not pay the filing fees that AAA had determined were necessary to proceed with Petitioners' arbitrations because there supposedly were "significant deficiencies with the claimants' filings, rendering the demands insufficient to launch arbitration under the DoorDash Independent Contractor Agreement, as well as AAA's own rules."[2] Attached as Exhibit I is a true and correct copy of that email.

16. On October 29, 2019, Keller Lenkner emailed DoorDash's outside counsel and AAA, noted that Petitioners' demands were comparable to the 250 demands DoorDash had previously acknowledged were non-frivolous, and requested that AAA schedule an administrative call to discuss DoorDash's objections further. Attached as Exhibit J is a true and correct copy of that email.

---

[2] That email also notes that DoorDash is refusing to pay filing fees for an additional 4,000 Dashers who are not Petitioners in this action.

17. That same day, AAA sent an email to the parties rejecting DoorDash's objection. AAA stated that it had made "an administrative determination that the minimum filing requirements have been met by [Petitioners]." It provided a final deadline of November 7, 2019 for DoorDash to pay the filing fees required to empanel arbitrators for Petitioners' arbitrations. And it stated that if the fees were not paid by that deadline, "the AAA will decline to administer these cases and the files will be closed." Attached as Exhibit K is a true and correct copy of that email.

18. DoorDash did not pay the filing fees necessary to proceed with a single Petitioner's arbitration.

19. On November 8, 2019, AAA sent an email to the parties' counsel (i) confirming that DoorDash had failed to pay the fees required to proceed with Petitioners' arbitrations, and (ii) stating that AAA had "administratively closed [Petitioners'] files" due to DoorDash's lack of payment. Attached as Exhibit L is a true and correct copy of AAA's November 8, 2019 email.

20. DoorDash's counsel has never suggested to me that DoorDash believes its arbitration agreements are unenforceable, nor has counsel identified a single Petitioner whom counsel believes is not subject to a valid arbitration agreement with DoorDash.

21. Each Petitioner has signed an engagement letter with Keller Lenkner authorizing Keller Lenkner to represent the Petitioner in his or her dispute with DoorDash.

22. Keller Lenkner is committed to litigating Petitioners' claims to a successful conclusion and is prepared to invest substantial resources in Petitioners' cases. Keller Lenkner has built the infrastructure necessary to litigate Petitioners claims simultaneously. And the firm has entered into a co-counsel relationship with Quinn Emanuel Urquhart & Sullivan LLP, a premier litigation firm with more than 800 attorneys, to arbitrate all arbitrations brought by Keller Lenkner clients against DoorDash. Although Keller Lenkner is under no obligation to inform DoorDash of its litigation strategy, it is fully capable of pursuing, and will pursue, each Petitioner's claims in individual arbitration. Our firm has devoted its resources to representing Petitioners—and will continue to do so—because it believes in the merits of their claims.

23. Attached as Exhibit M is a true and correct copy of the order compelling arbitration in *Adams v. Postmates Inc.*, No. 4:19-cv-03042-SBA (N.D. Cal. Oct. 22, 2019).

24. Attached as Exhibit N is a true and correct copy of DoorDash's Motion to Compel Arbitration in *Mckay v. DoorDash, Inc.*, No. 3:19-cv-04289-MMC (N.D. Cal. Aug. 12, 2019).

25. Attached as Exhibit O is a true and correct copy of DoorDash's Motion to Compel Arbitration in *Magana v. DoorDash, Inc.*, No. 4:18-cv-03395-PJH (N.D. Cal. July 12, 2018).

I affirm that the foregoing is true under penalty of perjury under the laws of the United States.

Signed on November 15, 2019 in Chicago, Illinois

/s/ Ashley Keller
Ashley Keller

**CERTIFICATE OF SERVICE**

    I certify that I shall cause the foregoing document to be served on DoorDash Inc. at its registered agent for service of process, Registered Agent Solutions, Inc. 1220 S. Street, Suite 150, Sacramento, CA 95811, on or around November 18, 2019.

Dated: November 15, 2019          /s/ Keith A. Custis