Keith A. Custis (#218818)
 kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice pending*)
 ack@kellerlenkner.com
Travis Lenkner (*pro hac vice pending*)
 tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice pending*)
 mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice pending*)
 wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TERRELL ABERNATHY, et al., | Case No. 3:19-cv-07545 |
| Petitioners, | **DECLARATION OF ASHLEY KELLER IN SUPPORT OF PETITIONERS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| vs. | |
| DOORDASH, INC., | |
| Respondent. | |

## DECLARATION OF ASHLEY KELLER

I, Ashley Keller, declare based on personal knowledge as follows:

1. I am a Partner at Keller Lenkner LLC, counsel for Petitioners in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This declaration is submitted in support of Petitioners' Motion For A Temporary Restraining Order.

4. Each Petitioner has signed a declaration stating that he or she has worked as a DoorDash courier and does not recall opting out of the arbitration provision contained in his or her contract with DoorDash. Attached as Exhibit A is a true and correct copy of one Petitioner's declaration.

5. On August 26, 2019, Keller Lenkner filed a demand for individual arbitration on behalf of each Petitioner against DoorDash. In accordance with the arbitration agreement each Petitioner had signed, Petitioners' demands sought arbitration administered by the American Arbitration Association ("AAA"). Attached as Exhibit B is a true and correct copy of that agreement. Attached as Exhibit C is a true and correct copy of the version of DoorDash's arbitration agreement that was operative in 2016.

6. On September 23, 2019, AAA sent an email to DoorDash's counsel (i) confirming that each Petitioner's demand met AAA's filing requirements, and (ii) setting October 14, 2019, as the deadline for DoorDash to pay the filing fees necessary to empanel arbitrators and commence Petitioners' arbitrations. Attached as Exhibit D is a true and correct copy of that email.

7. On October 7, 2019, DoorDash requested a 30-day extension of AAA's payment deadline. Attached as Exhibit E is a true and correct copy of that email.

8. That same day, Keller Lenkner sent an email to AAA requesting that an extension, if any, "be combined with a final deadline, after which AAA will dismiss any demands for which DoorDash has not paid filing fees so that those claimants may pursue judicial remedies." Attached as Exhibit F is a true and correct copy of that email.

9. AAA granted DoorDash an extension to October 28, 2019.

10. On the evening of October 28, 2019, DoorDash sent an email to AAA stating that it would not pay the filing fees that AAA had determined were necessary to proceed with Petitioners' arbitrations. Attached as Exhibit G is a true and correct copy of that email.

11. On November 8, 2019, AAA sent an email to the parties' counsel (i) confirming that DoorDash had failed to pay the fees required to proceed with Petitioners' arbitrations, and (ii) stating that AAA had "administratively closed [Petitioners'] files" due to DoorDash's lack of payment. Attached as Exhibit H is a true and correct copy of AAA's November 8, 2019 email.

12. Before filing Petitioners' demands, on July 2, 2019, Keller Lenkner had filed demands for individual arbitration on behalf of 250 DoorDash couriers against DoorDash, invoking the same agreement requiring AAA arbitration.

13. In response to those demands, on August 14, 2019, DoorDash's outside counsel sent an email to AAA (i) objecting that the Dashers' arbitration demands would "impos[e] unnecessary and excessive upfront costs," and (ii) requesting that AAA apply a "separate fee schedule for group filings," under which DoorDash would proceed with the Dashers' arbitrations over time, rather than simultaneously as required by AAA's rules. Attached as Exhibit I is a true and correct copy of that August 14, 2019 email.

14. On August 16, 2019, AAA sent an email to the parties rejecting DoorDash's request for a payment plan, and confirming that DoorDash owed filing fees for each Dasher's arbitration in accordance with AAA's rules. Attached as Exhibit J is a true and correct copy of AAA's August 16, 2019 email.

15. On November 13, 2019, Keller Lenkner became aware that DoorDash may be issuing a revised arbitration agreement to couriers who it knew were represented by Keller Lenkner and were pursuing arbitration against it.

16. That same day Keller Lenkner sent an email to DoorDash's outside counsel reminding them of their obligations under California Rule of Professional Conduct 4.2(a). Attached as Exhibit K is a true and correct copy of that email.

17. On November 14, 2019, DoorDash's outside counsel confirmed, via email, that DoorDash had issued the revised arbitration agreement beginning on November 9, 2019. Attached

as Exhibit L is a true and correct copy of that email.

18. Before November 14, 2019, DoorDash had not notified Keller Lenkner that it was sending Keller Lenkner's clients a revised agreement, despite DoorDash's outside counsel having exchanged several emails and participated in a phone discussion with Keller Lenkner over the previous week.

19. Based on Keller Lenkner's representation of thousands of DoorDash couriers, I know that a significant number of couriers work for DoorDash only sporadically. Accordingly, out of the 2,236 Petitioners in this action, it is virtually certain that a meaningful number of Petitioners have not made a delivery for DoorDash since November 11, 2019, but will attempt to do so in the weeks to come.

20. Attached as Exhibit M is a true and correct copy of DoorDash's revised arbitration agreement.

21. Attached as Exhibit N is the "Employment-Related Mass-Claims Protocol" referenced in that agreement.

22. Attached as Exhibit O is the list of arbitrators on the International Institute for Conflict Prevention & Resolution's ("CPR's") "employment panel." Keller Lenkner's staff generated the exhibit by (i) logging into CPR's website at https://www.cpradr.org/neutrals/find-a-neutral, (ii) selecting the filters shown in the exhibit, (iii) copying the data generated by the website into the exhibit, and (iv) numbering the arbitrators in the exhibit for clarity.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States.

Signed on November 17, 2019 in Chicago, Illinois

/s/ Ashley Keller
Ashley Keller

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served on DoorDash Inc. at its registered agent for service of process, Registered Agent Solutions, Inc. 1220 S. Street, Suite 150, Sacramento, CA 95811, on or around November 18, 2019.

I further certify that I will provide an electronic copy of the foregoing document to DoorDash's outside counsel (Joshua S. Lipshutz and Michael Holecek of Gibson, Dunn & Crutcher LLP) immediately upon filing the document with the Court via CM/ECF.

Dated: November 17, 2019          /s/ Keith A. Custis

DECLARATION OF ASHLEY KELLER
CASE NO. 3:19-cv-07545