# Exhibit I

**From:** "Lipshutz, Joshua S." <JLipshutz@gibsondunn.com>
**Date:** Wednesday, August 14, 2019 at 10:31 AM
**To:** AAA Heather Santo <heathersanto@adr.org>
**Cc:** Warren Postman <wdp@kellerlenkner.com>, Travis Lenkner <tdl@kellerlenkner.com>, Ashley Keller <ack@kellerlenkner.com>, "Holecek, Michael" <MHolecek@gibsondunn.com>
**Subject:** RE: 250 Individuals v. DoorDash, Inc.

Ms. Santo,

I write on behalf of DoorDash, Inc. regarding the July 2, 2019 group arbitration demand filed by Keller Lenkner on behalf of 250 individuals (the "Demand"). After receiving the Demand, the American Arbitration Association ("AAA") sent an invoice to DoorDash for filing fees of $1,900 per claimant, totaling $475,000. Pursuant to AAA's July 30, 2019 correspondence (below), the deadline for DoorDash to pay these fees is August 20, 2019.

I am writing because I understand that AAA plans to launch a new fee schedule for group arbitration demands. Although the new schedule has not yet been launched, my understanding is that AAA intends to assess defendants an upfront filing fee of approximately $300 per claimant, with subsequent payments to be made in the event individual arbitrations hit particular milestones.

A separate fee schedule for group filings makes good sense. Many of the arbitrations initiated by group demand may never proceed past initial filing, and few of them are likely to proceed through completion of arbitration. A separate fee schedule thus avoids imposing unnecessary and excessive upfront costs on defendants, requiring instead that both parties pay modest amounts to initiate arbitration and then compensate AAA for additional time and expense commensurate with the proceedings. Such a fee schedule also reduces the risk that claimants will use the threat of massive upfront filing fees as a means of extorting excessive settlement payments from defendants that bear no relation to the merits of the underlying claims.

We believe that the Demand DoorDash received on behalf of 250 individuals would qualify under AAA's forthcoming fee schedule. In light of the advantages outlined above, we respectfully request that AAA apply the new fee schedule to the Demand. Doing so would not prejudice the claimants in any way. Indeed, if the new fee schedule would benefit claimants over the prior fee schedule, DoorDash requests that they be entitled to those benefits as well. But it makes little sense for DoorDash to pay full filing fees for 250 claimants at this time before any proceedings have occurred.

We appreciate your consideration of this request. Please do not hesitate to contact me if I can provide additional information. If AAA grants the request, DoorDash requests that AAA send a new invoice reflecting the amount due under the new group filing fee schedule.

Best,
Josh

**Joshua S. Lipshutz**
**Partner**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8217 • Fax +1 202.530 9614

555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8233 • Fax +1 415.374 8469
JLipshutz@gibsondunn.com • www.gibsondunn.com