# Exhibit N



# WHAT IS THE EMPLOYMENT-RELATED MASS CLAIMS PROTOCOL?

- Arbitration is a private process where a neutral third-party acts like a judge and resolves a claim for two parties. Sometimes employment contracts require employees to use arbitration in claims against their employer. Where many employees (sometimes tens of thousands) have brought arbitration claims against a single entity, it is often difficult for the arbitration provider to process these claims quickly and efficiently.
- CPR, which is short for the International Institute for Conflict Prevention and Resolution, is also an arbitration provider.  CPR has developed a process called the Employment Related Mass Claims Protocol to help with the administration of these mass claims. Since this process affects each employee's (or claimant's) legal rights, the full Protocol should be read carefully and in consultation with a lawyer.
- The Protocol uses "test" cases (a randomly-selected initial round of arbitrations) to provide examples for a mediator (a neutral third party who helps the parties to a claim find a solution). While the test cases go forward, the others will stand by. This should in most circumstances take about 6 months.
- Once the test cases result in decisions, CPR will remove information from the decisions that would reveal who the claimant is and give copies of the decisions to the mediator. Using these examples, the mediator will try for 90 days to assist the parties through their lawyers in coming to a process for resolving all of the remaining claims.
- If a global resolution is reached by the parties to the mediation, but the individual claimant doesn't like it, the claimant can proceed to an individual arbitration of the claim by a neutral arbitrator.
- If a global resolution is not reached, the company or the individual parties can choose to either proceed in court or in arbitration. If the company chooses to go to court, everyone can refile their claim in court. If the company chooses to proceed in arbitration, each claimant will still have the opportunity to decide to go to court instead of arbitration.

**\*The Employment Related Mass Claims Protocol is attached hereto.**

11/4/2019

## EMPLOYMENT-RELATED MASS-CLAIMS PROTOCOL

Any time greater than 30 individual employment-related arbitration claims[1] of a nearly identical nature are, or have been, filed with CPR against the same Respondent(s) in close proximity one to another, where Respondent(s) and claimants have agreed to arbitrate such claims in accordance with the CPR Administered Arbitration Rules ("Admin Rules") or CPR Non-Administered Arbitration Rules ("NA Rules") and where each claimant has been afforded the due process protections specified on CPR's website,[2] then the parties agree that this Protocol shall apply to any such arbitration claims for which an arbitrator has not yet been appointed (collectively, the "Initial Mass Arbitrations").[3]  All parties also agree that claims are of a "Nearly Identical" nature if they arise out of a factual scenario and raise legal issues so similar one to another that application of the Protocol to the number of claims at issue will reasonably result in an efficient and fair adjudication of the claims.  To the extent the parties agree on the application of the Protocol to particular claims, they shall so advise CPR, and CPR shall confirm application of the Protocol.  To the extent the parties disagree on the application of the Protocol to particular claims, the disagreeing party shall advise CPR, and CPR shall appoint a standing arbitrator ("Administrative Arbitrator") to determine the Protocol's applicability.[4]  In an effort to expedite resolution of any such dispute by the Administrative Arbitrator, the parties agree the Arbitrator may set forth such procedures as are necessary to resolve any disputes promptly.  The arbitrator fees for work by the Administrative Arbitrator shall be paid by the Respondent(s).[5]

**Selection of the Initial Cases**

1. Once CPR has advised Respondent(s) that the Protocol applies to the Initial Mass Arbitrations,[6] the Respondent(s) shall submit an initiation fee to CPR;
2. Once the Excel spreadsheet from claimants and the initiation fee from Respondent(s) have been submitted to CPR, CPR will assign random sequential numbers to each of the Initial Mass Arbitrations.  Those claims assigned numbers 1-10 will be the initial Test Cases to proceed to

---

[1] Any time multiple arbitrations are filed with CPR against the same Respondent(s), the claimants filing the arbitrations must complete the Excel spreadsheet for each of the arbitrations per the template provided by CPR on its website.  Failure to do so will result in rejection of the filings by CPR.

[2] As specified on CPR's website, to the extent these protections are not afforded to each claimant, CPR will decline to administer any portion of the proceeding, and this Protocol shall not apply.

[3] The application of this Protocol to arbitration claims means that the procedures set forth in this Protocol, rather than those set forth in the Admin Rules or NA Rules, shall apply to the arbitrations unless otherwise specified.  And, for the avoidance of doubt, this means that the submission of the Excel spreadsheet by claimants for claims governed by the Protocol shall be deemed the complete filing for purposes of the Admin Rules.

[4] To the extent that the parties all agree to treat a claim separately from this Protocol, CPR will separate the claim from this Protocol.  In that event, the claim shall be treated in accordance with the Admin Rules or NA Rules specified by the parties and any other provisions agreed to by the parties.  The same shall be true for any claim that is determined by the Administrative Arbitrator to not be subject to this Protocol.

[5] To the extent claimants commence arbitrations subsequent to the Initial Mass Arbitrations that are of a Nearly Identical nature ("Newly Commenced Mass Arbitrations") and that the parties believe should be treated pursuant to this Protocol, the claims shall proceed in accordance with the Protocol as outlined in the Protocol.  If the parties disagree on the application of the Protocol to particular claims amongst the Newly Commenced Mass Arbitrations, the disagreement shall be resolved by the Administrative Arbitrator, as set forth above

[6] At its discretion and once there are 30 or more Initial Mass Arbitrations, CPR may initiate the application of the Protocol even while the application of the Protocol to other arbitrations is still being resolved.

11/4/2019

arbitration. To the extent that either counsel for the Respondent(s) or the claimants in the Initial Mass Arbitrations believe that there are claims in addition to the Test Cases that are necessary to guide the mediation process set forth below, counsel collectively for the claimants and counsel for the Respondent(s), within 5 days of the identification of the Test Cases, may submit up to an additional 5 claims, along with the reasons why the addition of such claims would be necessary to the mediation process, to counsel for the counterparty and to the Administrative Arbitrator for determination.  The parties agree that the Administrative Arbitrator may determine whether these additional claims should proceed to arbitration based alone on the submissions by counsel or may, in its discretion, seek a response from counsel for the counterparty;
3. Each of the Test Cases along with any additional cases added by the Administrative Arbitrator pursuant to the process outlined above (collectively, the "Initial Cases") shall proceed to be arbitrated in accordance with the NA Rules.  However, selection of the single arbitrator for each of these Initial Cases shall be made only by each of the claimants pursuant to the following process.  CPR shall first present a Master List of qualified arbitrators to the Respondent(s) within 5 days of receipt of the initiation fee.  Respondent(s) shall have 7 days after presentation to object to any candidate on that list only on the ground that there exists justifiable doubt as to the arbitrator's independence or impartiality in serving in these matters.  The objection shall state with specificity the reasons for the objection.  CPR shall decide objections by referring them to a Challenge Review Committee;
4. Selection of the sole arbitrator in each of the Initial Cases shall be conducted pursuant to Rule 6 of the NA Rules with the following modifications:
    a. Each claimant will be presented with CPR's Master List subject to any objections from Respondent(s) sustained by CPR;
    b. Each claimant will nominate up to 3 arbitrators from CPR's Master List within 7 days of its presentation to each claimant;
    c. If a Claimant fails to nominate 3 candidates within the time period, CPR will choose 3 candidates;
    d. CPR will query the nominated candidates for disclosures, rates and availability;
    e. The disclosures, rates and availability shall be shared with the parties and any objections based on the disclosures shall be raised with CPR within 5 days of the parties' receipt of the disclosures; and
    f. Subject to payment by Respondent(s) of an appointment fee per appointment to CPR, CPR will then appoint any candidate who has received no objections or for whom CPR has not sustained an objection[7], and who is available to commence the arbitration within a reasonable timeframe after appointment.
5. Any additional fees for services in connection with these Initial Cases shall be as per the CPR Fee Schedule;
6. As provided in the NA Rules, and unless these matters resolve in advance, arbitrators will render final, reasoned awards (an award that sets out the reasoning on which it is based) in these matters within 120 days of the initial pre-hearing conference, and any extensions of time that would result in a final award being rendered more than 120 days after the initial pre-hearing conference shall be approved by CPR; and
7. The reasoned awards shall be reasonably anonymized by CPR.

**The Mediation Process**

---

[7] CPR may refer objections where necessary to its Challenge Review Committee.

11/4/2019

8. Upon receipt of a mediation administrative fee from Respondent(s), and pursuant to CPR's Mediation Procedure, CPR shall appoint a suitable mediator or counsel for the parties to the Initial Mass Arbitrations as well as counsel for any Newly Commenced Mass Arbitrations that were commenced prior to initiation of the process to select the mediator may by agreement select a suitable mediator.  The Respondent(s) shall also pay the mediator's fees.  The mediator shall be provided with the anonymized reasoned awards;
9. The mediator shall conduct the mediation pursuant to the CPR Mediation Procedure.  The object of the mediation shall be to identify a substantive methodology for resolving any outstanding, Nearly Identical claims, whether already commenced or not;
10. Once the reasoned awards are provided to the mediator by CPR, the mediator and the counsel identified in paragraph 8 above shall have 90 days (the "mediation period") to arrive at an approach for efficiently and fairly resolving the remaining claims;
11. From the commencement of the Initial Mass Arbitrations until the expiration of the mediation period, all remaining arbitrations (other than the Initial Cases) shall be stayed, and the Respondent(s) agrees to toll the statute of limitations from the commencement of the arbitrations until an arbitrator is selected for each of the claims or until such time as the claimant provides notice of opting-out, whichever is earlier, in accord with this Protocol;
12. If by the expiration of the mediation period the parties are unable to agree upon a methodology for further resolution, then at this point (and only at this point) the Respondent(s) and each remaining claimant may choose to opt out of the arbitration process and proceed in court with the remaining claims;[8]
13. Notice of opting out shall be provided within 60 days of the close of the mediation period by Respondent(s) and each of the claimants choosing to opt out on a Claimant Opt-Out form requiring each claimant's signature.  The opt-outs shall be submitted to cprneutrals@cpradr.org.  Absent an opt-out, the arbitrations shall proceed in the order determined by the random sequential numbers assigned to the Initial Mass Arbitrations, with as many proceeding simultaneously as practicable consistent with the procedures set forth in this Protocol;
14. To the extent by the expiration of the mediation period the parties can agree upon a methodology for further resolution, the parties shall then seek to apply the methodology, as agreed upon during the mediation, to the remaining claims in an orderly and fair fashion;
15. The remaining claimants at their individual discretion can choose to accept the approach as agreed upon and as applied by the mediator to their claim;
16. If claimant accepts the approach, the parties shall enter into a settlement agreement that shall fully and finally resolve the claim;
17. To the extent a claimant chooses not to accept the approach of the mediator, then the claimant shall promptly notify CPR at cprneutrals@cpradr.org that the arbitration is to proceed; and
18. The arbitrations shall proceed in a sequence determined by CPR, which sequence shall in part turn on the timing of these notifications and on any other factors necessary for the efficient and orderly arbitration of the remaining claims.

---

[8] The ability to opt-out at the close of an unsuccessful mediation process by each remaining claimant shall be available to each claimant proceeding under this Protocol, including with respect to Newly Commenced Mass Arbitrations unless and until there is an agreement by counsel for Respondent(s) and counsel for at least 30 claimants to reinitiate the mediation process and the newly-initiated mediation process results in an agreed-upon approach for efficiently and fairly resolving the remaining claims.  At that point, all outstanding claimants shall no longer be given the option to opt out but shall be given the option resolve their claims pursuant to the agreed-upon approach as applied to their claim or proceed with their individual arbitration.

11/4/2019

**Selection of the Arbitrator**

19. Within 10 days of the completion of the mediation period, and upon CPR receiving a presentation fee from Respondent(s), CPR shall present a Master List of qualified candidates to the Respondent(s);[9]
20. Within 7 days of the presentation of the Master List, Respondent(s) shall object to any candidate on that list only on the ground that there exists justifiable doubt as to the arbitrator's independence or impartiality in serving in these matters.  The objection shall state with specificity the reasons for the objection;
21. CPR shall decide objections by referring them to a Challenge Review Committee; and
22. The arbitration selection process for each of the remaining arbitrations shall proceed as set forth above at Paragraph 4, and prior to each appointment of an arbitrator for each arbitration, Respondent(s) shall pay to CPR the appointment fee.

**The Arbitration Process**

23. The arbitration shall then proceed with CPR pursuant to the NA Rules, provided that:
    a. All arbitration hearings must take place no more than 50 miles from the claimant's residence, or the parties and the arbitrator may agree to conduct the hearing via video conferencing;
    b. Arbitrator will handle all scheduling and other administrative matters with the parties;
    c. Arbitrator will handle all fundholding; and
    d. To the extent CPR is requested to provide a la carte assistance, it shall do so if practicable at the posted fee.
24. Every two months, CPR shall indicate to counsel for the parties the availability for arbitral appointments over the next 60-day period;
25. At the request of CPR, and with the agreement of counsel for Respondent(s) and counsel for 30 or more claimants, the mediation process as set forth above may be re-initiated pursuant to the CPR Mediation Procedure; however, the parties may agree to split the mediator's fee, and there shall be no stay of pending arbitrations;
26. If the parties to the re-initiated mediation are successful in the 90-day timeframe at agreeing upon a substantive methodology for resolving any outstanding, Nearly Identical claims, those claimants who have not received final decisions in their arbitrations shall be given the opportunity to resolve their claims pursuant to the methodology agreed upon by the parties to the mediation.  To the extent the parties to the re-initiated mediation are unable to agree upon a methodology for resolving claims, then only those claimants who were not previously provided an opt-out option in connection with their claims shall be afforded that option pursuant to Paragraphs 12-13 above. Otherwise, all claimants' arbitrations shall continue to proceed under this Protocol; and
27. This Protocol shall be subject to requirements of applicable law.
28. CPR reserves the right in its sole discretion to change the elements of this Protocol and any fees at any time, provided that any arbitration in which a selection had already been made will not be affected.

---

[9] The Master List shall be refreshed and re-presented to the Respondent(s) at least every 6 months or earlier, if requested by Respondent(s).  Respondent(s) shall pay the presentation fee in advance of each presentation.

11/4/2019