GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

JAMES FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Respondent DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL ABERNATHY, et al., <br><br> Petitioners, <br><br> v. <br><br> DOORDASH, INC., <br><br> Respondent. | CASE NO. 3:19-cv-07545-WHA <br><br> **RESPONDENT DOORDASH, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> Action Filed:  November 15, 2019 <br><br> Honorable William Alsup |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 3-12(b) and 7-11, Respondent DoorDash, Inc. ("DoorDash") submits this Administrative Motion to consider whether *Boyd v. DoorDash, Inc.*, Case No. 3:19-cv-07646-JCS (N.D. Cal.), removed from San Francisco Superior Court to this District on November 20, 2019 and currently pending before the Honorable Joseph Spero, is related to the above-captioned action, *Abernathy v. DoorDash, Inc.*, and to request that *Boyd* be reassigned to the Honorable William Alsup, who is presiding over *Abernathy*.[1]

## I.  INTRODUCTION

*Boyd* and *Abernathy* "concern substantially the same parties, property, transaction or event." Civ. L.R. 3-12(a)(1). Both actions are brought by Keller Lenkner LLC ("Keller Lenkner") following a single decision by the American Arbitration Association ("AAA") to close the claims of 6,236 claimants. Keller Lenkner filed one suit in this Court on behalf of one subset of those 6,236 claimants (*Abernathy*)[2] and another suit in San Francisco Superior Court on behalf of another subset (*Boyd*).[3] On November 20, 2019 DoorDash removed *Boyd* to this Court.

Keller Lenkner seeks identical relief in both cases. In both actions, Keller Lenkner seeks an order to compel DoorDash to arbitrate Petitioners' individual disputes regarding whether each Petitioner is an independent contractor or an employee. Both actions cite 9 U.S.C. § 4 as a basis for the Court to compel arbitration, and both request that the Court order DoorDash to pay Petitioners' attorney's fees and costs related to arbitration. In both actions, Keller Lenkner has requested a temporary restraining order ("TRO") enjoining DoorDash from sending revised versions of its standard

---

[1] In accordance with Civ. L.R. 3-12(b), DoorDash has filed this administrative motion in the lowest-numbered case (*Abernathy*), served the administrative motion on all known parties to each apparently related action, and provided courtesy copies to the assigned judge in each apparently related case.

This administrative motion is not intended to operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, or objection, including, without limitation, personal jurisdiction, insufficient process, and/or insufficient service of process.

[2] Dkt. 1, Petition to Compel Arbitration.

[3] Declaration of Joshua Lipshutz ("Lipshutz Decl."), Ex. A, Petition to Compel Arbitration, *Boyd, et al. v. DoorDash, Inc.*, No. CPF-19-516930 (S.F. Super. Ct. Nov. 19, 2019).

arbitration agreements to Petitioners.[4]  For these reasons, and others, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2).

Given the overlap between *Abernathy* and *Boyd*, an order relating the cases would avoid duplicative labor, unnecessary expenditure of private and judicial resources, and the risk of inconsistent or conflicting rulings that might occur if the actions proceeded separately in different courts.

## II. FACTUAL BACKGROUND

Keller Lenkner has filed identical cases in two separate courts on behalf of overlapping groups of petitioners.

On November 15, 2019, Keller Lenkner filed a petition for order compelling arbitration in this court on behalf of Terrell Abernathy and 2,235 other DoorDash contractors alleging that DoorDash violated the terms of its arbitration agreements with Petitioners by refusing to proceed with arbitration and failing to pay the requisite filing fees to empanel arbitrators.  On November 17, 2019, Keller Lenkner moved for a TRO, requesting an order enjoining DoorDash from sending revised versions of its standard arbitration agreements to Petitioners.  The hearing on Petitioners' motion for a TRO is scheduled for November 25, 2019.

On November 19, 2019, Keller Lenkner filed a similar petition to compel arbitration in San Francisco Superior Court on behalf of Christine Boyd and 3,996 other DoorDash contractors alleging the same violations of its arbitration agreements with Petitioners as in the *Abernathy* action. On the same day, Keller Lenkner moved for a TRO, requesting an order enjoining DoorDash from sending revised versions of its standard arbitration agreements to Petitioners.  DoorDash removed *Boyd* to this Court before any hearing on the TRO by the Superior Court.  *See Boyd*, Dkt. 1.

---

[4] *Compare* Dkt. 10, Motion for Temporary Restraining Order, *with* Lipshutz Decl., Ex. B, Motion for Temporary Restraining Order, *Boyd, et al. v. DoorDash, Inc.*, No. CPF-19-516930 (S.F. Super. Ct. Nov. 19, 2019).

### III. *BOYD* AND *ABERNATHY* ARE RELATED

**A.  The Actions Involve Substantially the Same Events, Allegations, Legal Theories and Overlapping Parties.**

*Boyd* and *Abernathy* involve substantially the same parties, core factual allegations, and legal theories.

***Same Parties***.  These actions involve the same Respondent, DoorDash, and involve overlapping Petitioners.  Petitioners are described precisely the same in both Petitions—as "Dashers who have made deliveries for DoorDash in California."[5]  Moreover, Petitioners Felipe Rosas, Irwin Allen, and Kaneisha Grim are parties to both actions (Dkt. 1-1 [List of *Abernathy* Petitioners] & Lipshutz Decl., Ex. C [List of *Boyd* Petitioners]), and Keller Lenkner represents all Petitioners in both actions.

***Same Allegations***.  The *Abernathy* and *Boyd* Petitions both seek "an Order requiring that DoorDash arbitrate each Petitioner's claims under the Mutual Arbitration Provision, including by paying the arbitration fees and costs AAA determines are necessary to empanel arbitrators and proceed with arbitrations."[6]  Both Petitions assert that:

- DoorDash is a food delivery business[7];
- Work performed by drivers who use DoorDash's technology is done in the usual course of DoorDash's business[8];
- DoorDash has misclassified drivers who use its technology as independent contractors[9]; and
- DoorDash entered into agreements with each Petitioner "requiring that DoorDash and the Petitioner individually arbitrate any claim arising from the agreement."[10]

Further, Petitioners object to individual arbitration under the revised arbitration agreement before the International Institute for Conflict Prevention & Resolution ("CPR"), as opposed to

---

[5] Dkt. 1, ¶ 9; *Boyd* Petition ¶ 9.

[6]  Dkt. 1, ¶ 34; *Boyd* Petition ¶ 33.

[7] *See* Dkt. 1, ¶ 15; *Boyd* Petition ¶ 14.

[8] *See* Dkt. 1, ¶ 15; *Boyd* Petition ¶ 14.

[9] Dkt. 1, ¶ 1; *Boyd* Petition ¶ 1.

[10] Dkt. 1, ¶ 17; *Boyd* Petition ¶ 16.

individual proceedings before AAA.[11] The two actions thus concern the same alleged transactions or events.

***Common Legal Theories***.  Additionally, Petitioners bring overlapping claims and seek substantially the same relief.  Both Petitions contend that DoorDash breached its arbitration agreement with Petitioners and seek a court order compelling the parties to arbitrate pursuant to 9 U.S.C. § 4.[12] Both Petitions allege that counsel for DoorDash "unlawful[ly]" communicated with Petitioners via DoorDash's revised arbitration agreement and both and seek an injunction prohibiting DoorDash from sending Petitioners the updated terms and conditions of the agreement.[13]

**B.    Relating the Actions Will Promote Judicial Economy.**

Given the similarity of the parties, underlying factual allegations, and legal theories, relating these two actions will promote efficiency and prevent inconsistent results.  This Court is already investing substantial time adjudicating the *Abernathy* TRO and is therefore familiar with the facts and legal theories giving rise to both actions.  Relating these cases would also avoid inconsistent results; having a "different judge[]" preside over these closely related actions would impose "an unduly burdensome duplication of labor and expense" and increase the risk of "conflicting rulings."  Civ. L.R. 3-12(a).  This is particularly true for Petitioners Rosas, Allen, and Grim—absent an order relating the cases, DoorDash could face inconsistent orders regarding its conduct toward the same individuals.  Relating these cases would also prevent the uncertainty, confusion, and loss of resources that would ensue if separate courts issued conflicting orders on Petitioners' requests to enjoin the business practices of DoorDash via its revised arbitration agreement.

### IV.    CONCLUSION

For the foregoing reasons, this administrative motion should be granted.  *Boyd* should be related to *Abernathy* and reassigned to the same judge who is presiding over *Abernathy*.

---

[11]  Dkt. 10 at 8; *Boyd* TRO Mot. at 5.

[12]  Dkt. 1, ¶ 33; *Boyd* Petition ¶ 16.

[13]  *See* Dkt. 10 at 4; *Boyd* TRO Mot. at 2.

Dated: November 21, 2019

GIBSON, DUNN & CRUTCHER LLP


By:   /s/ *Joshua Lipshutz*
          Joshua Lipshutz

Attorney for DOORDASH, INC.