# EXHIBIT A

Andrew P. Frederick
andrew.frederick@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
(650) 843-7565

Kimberley E. Lunetta (*pro hac vice* pending)
klunetta@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6656

*Attorneys for International
Institute for Conflict Prevention
and Resolution*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL ABERNATHY, *et al.*,<br><br>Petitioners,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>Respondent. | Case No. 3:19-cv-07545-WHA<br><br>**OBJECTIONS AND RESPONSES TO RULE 30(b)(6) NOTICE OF DEPOSITION OF THE INTERNATIONAL INSTITUTE FOR CONFLICT PREVENTION AND RESOLUTION, INC.** |

TO:    Warren Postman
           wdp@kellerlenkner.com
           KELLER LENKNER LLC
           1300 I Street, N.W., Suite 40E
           Washington, D.C. 20005
           (202) 749-8334

The International Institute for Conflict Prevention and Resolution, formerly known as the Center for Public Resources, Inc. ("CPR"), by and through its attorneys Morgan, Lewis & Bockius LLP, hereby serves its Objections and Responses to Petitioners' Notice of Deposition

pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice") in accordance with the numbered topics upon which examination is requested, as follows.

## GENERAL OBJECTIONS

1. CPR objects generally to these examination topics to the extent they seek testimony protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

2. CPR objects generally to these examination topics to the extent that they seek to impose burdens or responsibilities beyond those set forth by the Federal Rules of Civil Procedure.

3. CPR objects generally to these examination topics to the extent they seek information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents).

4. CPR objects generally to these examination topics to the extent that they run afoul of Rule 32(a) of *Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup*. Hon. William Alsup, Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, at R. 32(a) (February 12, 2018), https://www.cand.uscourts.gov/wp-content/uploads/judges/alsup-wha/WHA-Supplemental-CMC-Order.pdf. ("Without a prior order increasing the limit, a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with 'reasonable particularity.'").

CPR incorporates these objections by reference into each and every response below to the extent applicable.

**EXAMINATION TOPIC NO. 1.:**

**CPR's search for documents responsive to Petitioners' subpoena for documents, dated November 29, 2019.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this topic to the extent it calls for information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections and subject to the objections set forth in CPR's Responses and Objections to Petitioners' Subpoena for Production of Documents, CPR will present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel..

**EXAMINATION TOPIC NO. 2.:**

**CPR's preparation of designees to testify about information known or reasonably available to CPR regarding each topic identified in this notice.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this topic to the extent it calls for information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving these objections and its objections to each of the Examination Topics herein, CPR will present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 3.:**

**The origin of CPR's decision to develop the Employment-Related Mass Claims Protocol and Procedure announced by press release on November 6, 2019 ("the Mass Claims Protocol").**

**OBJECTIONS AND RESPONSE:**

CPR objects to this topic on the grounds that it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents). Subject to and without waiving these objections, CPR will

1  present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in

2  accordance with any Order of the Court or agreement between counsel.

3  **EXAMINATION TOPIC NO. 4.:**

4      **Why CPR developed the Mass Claims Protocol when it did.**

5  **OBJECTIONS AND RESPONSE:**

6      CPR objects to this topic on the grounds that it seeks information not relevant to the issue

7  articulated by the Court during the November 25, 2019 hearing in the above-captioned action –

8  namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the

9  development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to

10  CPR for Production of Documents).  Subject to and without waiving these objections, CPR will

11  present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in

12  accordance with any Order of the Court or agreement between counsel.

13  **EXAMINATION TOPIC NO. 5**

14      **The existence and location of documents reflecting how, when, and why CPR**

15  **undertook to create the Mass Claims Protocol.**

16  **OBJECTIONS AND RESPONSE:**

17      CPR objects to this topic on the grounds that it seeks information not relevant to the issue

18  articulated by the Court during the November 25, 2019 hearing in the above-captioned action –

19  namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the

20  development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to

21  CPR for Production of Documents).  Subject to and without waiving these objections, CPR will

22  present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in

23  accordance with any Order of the Court or agreement between counsel.

24  **EXAMINATION TOPIC NO. 6**

25      **Any efforts CPR made to seek outside comment on whether a mass claims protocol**

26  **was necessary, including who was involved in those efforts and whether there was any**

27  **discussion about whether there should have been such efforts.**

28

**OBJECTIONS AND RESPONSE:**

CPR objects to this topic on the grounds that it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents). Subject to and without waiving these objections, CPR will present Allen Waxman, President and Chief Executive Officer of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 7**

**The total number arbitrations and employment-related arbitrations administered by CPR each year.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents).

**EXAMINATION TOPIC NO. 8**

**The identities and positions of CPR personnel involved in any discussions leading up to the decision, or the decision itself, to develop the Mass Claims Protocol. "Personnel" here includes employees, independent contractors, and agents no matter how designated. "Positions" means substantive positions on the reasons for and design of a mass claims protocol.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing. CPR further objects to this examination topic to the extent it seeks information not relevant to the issue articulated by the Court during the

November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents). Subject to and without waiving this objection, CPR will present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 9**

**The identities and positions of individuals other than CPR personnel involved, in any way whatsoever, in any discussions leading up to the decision or the decision to develop the Mass Claims Protocol. "Positions" means substantive positions on the reasons for and design of a mass claims protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 8.

**EXAMINATION TOPIC NO. 10**

**The identities and positions of entities other than CPR involved, in any way whatsoever, in any discussions leading up to the decision, or the decision itself, to develop the Mass Claims Protocol. "Entities" means any business, association, or organization no matter how denominated. "Positions" means substantive positions on the reasons for and design of a mass claims protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 8.

**EXAMINATION TOPIC NO. 11**

**Any requests CPR received to develop a mass claims protocol from individuals not employed by CPR and any follow-up on those requests by CPR.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is duplicative of Examination Topic Nos. 3, 9, and 10.  CPR further objects to this examination topic on the grounds that it is

1  vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing. CPR further
2  objects to this examination topic to the extent it seeks information not relevant to the issue
3  articulated by the Court during the November 25, 2019 hearing in the above-captioned action –
4  namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the
5  development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to
6  CPR for Production of Documents). Subject to and without waiving these objections, CPR will
7  present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in
8  accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 12**

**The existence and location of documents reflecting any requests CPR received to develop a mass claims protocol from individuals not employed by CPR and any follow-up on those requests by CPR.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is duplicative of Examination Topic No. 5. Subject to and without waiving this objection, CPR will present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 13**

**CPR's response to any requests CPR received to develop a mass claims protocol from individuals not employed by CPR and any follow-up on those requests by CPR.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is duplicative of Examination Topic No. 11. CPR objects to this topic on the grounds that it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents). Subject to and without waiving these objections, CPR will

present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 14**

**The existence and location of documents reflecting CPR's response to any requests CPR received to develop a mass claims protocol from individuals not employed by CPR and any follow-up on those requests by CPR.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is duplicative of Examination Topic No. 12.  CPR objects to this topic on the grounds that it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents).  Subject to and without waiving these objections, CPR will present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 15**

**The existence, content, and revisions made to each draft of the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing.  CPR further objects to this examination topic to the extent it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents).  Subject to and without waiving this objection, CPR will present Allen Waxman, President and

Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 16**

**How long the drafting process took.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 17**

**The existence and location of documents reflecting how, when, and who drafted, revised, commented upon, or approved the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 18**

**Any efforts by CPR to solicit help, feedback, revisions, comments, or input on the drafting process from anyone or any entity outside CPR.**

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing.  CPR further objects to this examination topic to the extent it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents). Subject to and without waiving this objection, CPR will present Allen Waxman, President and Chief Executive Office of CPR, to testify on this topic in accordance with any Order of the Court or agreement between counsel.

**EXAMINATION TOPIC NO. 19**

**The identities, suggestions, comments, and employer of each individual involved in drafting, reviewing, revising, or commenting upon the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 20**

**CPR's discussion, internal or with outside parties, regarding any decision to involve, or not, members of the defense bar in the drafting process of the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 21**

**CPR's discussion, internal or with outside parties, regarding and any decision to involve, or not, members of the plaintiff's bar in the drafting process of the Mass Claims Protocol, including any discussion or decision regarding Keller Lenkner LLC.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 22**

**Any role that lawyers from any outside law firm played in drafting, reviewing, commenting on, or approving the Mass Claims Protocol, including but not limited to, Gibson, Dunn & Crutcher LLP or Littler Mendelson P.C.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 23**

**Any role that individuals, including lawyers or nonlawyers, from any outside business played in drafting, reviewing, commenting on, or approving the Mass Claims Protocol, including but not limited to, Postmates, DoorDash, Uber, Caviar, or Grubhub, the U.S Chamber of Commerce (or any of its affiliates or chapters).**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 24**

The existence of communications between CPR staff regarding the Mass Claims Protocol. "Communications" means all communications no matter how conducted.

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 25**

The existence of communications between CPR staff and any outside party regarding the Mass Claims Protocol. "Communications" means all communications no matter how conducted.

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 26**

The adoption of the Mass Claims Protocol and the associated arbitration rules by employers, including DoorDash.

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 27**

CPR's efforts to publicize the Mass Claims Protocol, including the November 6, 2019 press release.

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 28**

The existence of any plans, whether rejected, abandoned, under discussion, or still in process, to develop new rules or protocols related to mass claims.

**OBJECTIONS AND RESPONSE:**

CPR objects to this examination topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing.  CPR further objects to this examination topic on the grounds that it seeks confidential, sensitive and proprietary information belonging to CPR.  CPR further objects to this examination topic to the extent it seeks information not relevant to the issue articulated by the Court during the November 25, 2019 hearing in the above-captioned action – namely Door Dash and/or its counsel Gibson Dunn's communications with CPR regarding the development of CPR's Employment-Related Mass Claims Protocol (Exhibit 1 to Subpoena to CPR for Production of Documents).

**EXAMINATION TOPIC NO. 29**

**All individuals and entities, whether employed by CPR or not, involved in any plans, whether rejected, abandoned, or still in process, to develop new rules or protocols related to mass claims.**

**OBJECTIONS AND RESPONSE:**

*See* objections to Examination Topic No. 28.

**EXAMINATION TOPIC NO. 30**

**The existence and location of documents, including communications, reflecting any plans, whether rejected, abandoned, or still in process, to develop new rules or protocols related to mass claims.**

**OBJECTIONS AND RESPONSE:**

*See* objections to Examination Topic No. 28.

**EXAMINATION TOPIC NO. 31**

**CPR's standard practices, including any written rules, processes, practices or guidelines, regarding how it develops, amends, revises, or promulgates its protocols and rules.**

**OBJECTIONS AND RESPONSE:**

*See* objections to Examination Topic No. 28.

**EXAMINATION TOPIC NO. 32**

**The existence, terms, and timing of any financial transactions between CPR and any individual or entity (other than CPR employees) that played any role whatsoever in the development of the Mass Claims Protocol**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 33**

**The existence and location of any documents reflecting any financial transactions between CPR and any individual or entity (other than CPR employees) that played any role whatsoever in the development of the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 34**

**The existence and terms of any agreements between CPR and any individual or entity (other than CPR employees) that played any role whatsoever in the development of the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 35**

**The existence and location of any documents reflecting any financial transactions between CPR and any individual or entity (other than CPR employees) that played any role whatsoever in the development of the Mass Claims Protocol.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 36**

**All payments made to CPR in the last 3 years by Gibson, Dunn & Crutcher or DoorDash, including the time, amount, and purpose of the payment.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

**EXAMINATION TOPIC NO. 37**

**The existence and location of documents reflecting or referring to payments responsive to topic no. 36.**

**OBJECTIONS AND RESPONSE:**

*See* objections and response to Examination Topic No. 15.

|   |   |
|---|---|
| | **AS TO OBJECTIONS ONLY:** |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | Attorneys for the International Institute for Conflict Prevention and Resolution, Inc. |
| | */s **Kimberley E. Lunetta*** |
| | Kimberley E. Lunetta, *pro hac vice* pending |
| | Andrew P. Frederick |
| Dated: December 11, 2019 | |

## **CERTIFICATE OF SERVICE**

I, Kimberley E. Lunetta, hereby certify that a true and correct copy of CPR 's Objections and Responses to Petitioners' Notice of Deposition of CPR under Rule 30(b)(6) was served on December 11, 2019 via email upon:

> Warren Postman
>   wdp@kellerlenkner.com
> KELLER LENKNER LLC
> 1300 I Street, N.W., Suite SE
> Washington, D.C. 20005
> (202) 749-8334

*s/ Kimberley E. Lunetta*

Kimberley E. Lunetta