GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

JAMES FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Respondent DOORDASH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　　Respondent.<br>―――――――――――――――――<br>CHRISTINE BOYD, et al.,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　　Respondent. | CASE NOS.   3:19-cv-07545-WHA<br>　　　　　　　　3:19-cv-07646-WHA<br><br>**RESPONDENT DOORDASH, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Action Filed:  November 15, 2019<br><br>Hearing Date: February 20, 2020<br>Hearing Time: 8:00 a.m.<br>Hearing Place: Courtroom 12 – 19th Floor<br>Honorable William Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 20, 2020, at 8:00 a.m., or as soon as the matter may be heard before the Honorable William Alsup of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Respondent DoorDash, Inc. will and does move this Court for an order staying proceedings pending final approval of class settlement in *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (S.F. Super. Ct.).

All three relevant factors favor a stay here: (1) no damage would result from a brief stay; (2) both Petitioners and DoorDash would face hardship absent a stay; and (3) a stay would simplify the issues before the Court.

DoorDash's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated:  January 16, 2020                    GIBSON, DUNN & CRUTCHER LLP


By:              */s/ Joshua Lipshutz*
                  Joshua Lipshutz

Attorneys for Respondent DoorDash, Inc.

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    A.    Courts Routinely Stay Cases Pending Approval Of Settlements In Overlapping Cases ................................................................................................................. 3

    B.    All Relevant Factors Favor A Stay ................................................................... 5

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Internet Techs., Inc. v. Google, Inc.*,
   2006 WL 889477 (N.D. Cal. Apr. 5, 2006) ...................................................................................3

*AT&T Mobility LLC v. Bernardi*,
   2011 WL 5079549 (N.D. Cal. Oct. 26, 2011) ................................................................................6

*Branca v. Iovate Health Scis. USA, Inc.*,
   2013 WL 1344306 (S.D. Cal. Apr. 2, 2013) ..................................................................................3

*Brown v. DoorDash, Inc.*,
   No. B295813 (Cal. Ct. App. Dec. 12, 2019) .................................................................................4

*Casserly v. Power Balance, LLC*,
   2011 WL 13220130 (C.D. Cal. June 13, 2011) .........................................................................5, 7

*In re: CenturyLink Sales Practices & Sec. Litig.*,
   No. 17-md-2795-MJD-KMM (D. Minn.) ......................................................................................2

*Cotter v. Lyft, Inc.*,
   193 F. Supp. 3d 1030 (N.D. Cal. 2016) .........................................................................................7

*Couser v. Comenity Bank*,
   125 F. Supp. 3d 1034 (S.D. Cal. 2015) ..........................................................................................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .......................................................................................................3

*Harriman v. DoorDash, Inc.*,
   No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019) ................................................................1, 3

*Iowa Utils. Bd. v. FCC*,
   109 F.3d 418 (9th Cir. 1996)..........................................................................................................6

*Lee v. JP Morgan Chase & Co.*,
   2014 WL 12580237 (C.D. Cal. Nov. 24, 2014) .............................................................................7

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979)..........................................................................................................3

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005)........................................................................................................5

*Lowe v. DoorDash, Inc.*,
   No. B298535 (Cal. Ct. App. Dec. 23, 2019) .................................................................................4

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

*Marciano v. DoorDash, Inc.*
   No. CGC-18-567869 (S.F. Super. Ct. Dec. 7, 2018) .......................................................................7

*Packer v. Power Balance, LLC*,
   2011 WL 1099001 (D.N.J. Mar. 22, 2011) ....................................................................................5

*Pearson v. Wells Fargo, N.A.*,
   2014 WL 2452802 (W.D. Wash. June 2, 2014) .............................................................................6

*Pieterson v. Wells Fargo Bank, N.A.*,
   2019 WL 1466963 (N.D. Cal. Feb. 14, 2019) ................................................................................7

*Rego v. Am. Honda Motor Co.*,
   2012 WL 12953740 (C.D. Cal. Sept. 20, 2012) .....................................................................3, 6, 7

*Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*,
   428 F.3d 831 (9th Cir. 2005) ..........................................................................................................3

*In re TracFone Unlimited Serv. Plan Litig.*,
   112 F. Supp. 3d 993 (N.D. Cal. 2015) ...........................................................................................7

## INTRODUCTION

Respondent DoorDash, Inc. requests an order staying this action—including resolution of Petitioners' amended motion to compel arbitration—pending final approval of a class settlement that would encompass the vast majority of this action.

On November 21, 2019, the plaintiff in an overlapping action, *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (S.F. Super. Ct.), filed a motion for preliminary approval of a $39.5 million class settlement. If approved, the settlement would release all claims that DoorDash has misclassified California and Massachusetts delivery providers as independent contractors. Almost every Petitioner in this case has brought the same misclassification claims against DoorDash, and their claims would be released by the *Marciano* settlement. Keller Lenkner (the law firm purporting to represent Petitioners in this action) has filed a motion to intervene in the *Marciano* case, as well as objections to the settlement agreement, on behalf of one of the Petitioners here. In the face of that proposed $39.5 million settlement and Keller Lenkner's efforts to derail it, this Court should allow the *Marciano* proceedings to resolve before compelling any of Petitioners' claims to arbitration.

Other courts facing similar claims against DoorDash have ordered a stay pending the *Marciano* settlement. As the Honorable Laurel Beeler recently found in an FLSA action against DoorDash asserting the same underlying claims as Petitioners here, a "stay is in the best interests of judicial efficiency and comity." *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019) (Lipshutz Decl. Ex. A). A stay is likewise warranted here.

## BACKGROUND

Petitioners filed their initial petition to compel arbitration with this Court on November 15, 2019. Dkt. 1. Related action *Boyd* was initially filed in San Francisco Superior Court on November 19, 2019, and removed to this Court on November 20, 2019. Both actions were brought by Keller Lenkner on behalf of a combined total of 6,233 claimants.

In their operative amended petition to compel arbitration, 5,879 Petitioners "allege that DoorDash misclassifies them as independent contractors—depriving them of a minimum wage, overtime pay, and other protections required by federal, state, and local law." Dkt. 151 at 8. Petitioners

Gibson, Dunn & Crutcher LLP

1
DOORDASH'S MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

contend that "DoorDash has violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and related California state and local laws." Dkt. 150 at 2.

On November 21, 2019, the plaintiff in *Marciano v. DoorDash*—a case that has been pending before the San Francisco Superior Court since July 5, 2018—filed a motion for preliminary approval of a class settlement. *See* Lipshutz Decl. Ex. B.  The settlement would release, among other things, claims that DoorDash has misclassified California delivery providers as independent contractors, including claims brought under the FLSA, California Labor Code, IWC Wage Orders, California's Unfair Competition Law ("UCL"), and local municipal codes. *Id.* § 6.2.

On December 10, 2019, Keller Lenkner filed a brief on behalf of proposed interveners and objectors to the *Marciano* settlement, including named Petitioner in this action, Becky Elliott. Lipshutz Decl. Ex. C; Dkt. 150-1 at 10.  The hearing on the motion for preliminary approval of the settlement, as well as the motions to intervene and objections, is scheduled for January 30, 2020.

**ARGUMENT**

The Court should stay this case pending final approval of the *Marciano* settlement. The $39.5 million settlement would resolve all California and Massachusetts delivery providers' misclassification claims against DoorDash—including nearly every Petitioner's claims here.[1]

It would be inefficient and unnecessary to compel arbitration as to Petitioners who may choose to accept the *Marciano* settlement, and thus release their claims against DoorDash.  Allowing *Marciano* to run its course will substantially streamline the issues and parties here.  It will also ensure that Petitioners are able to make an informed decision about whether to accept the settlement terms before deciding whether to continue to pursue arbitration.  Indeed, in a case currently pending in the District of Minnesota that bears resemblance to this case, the parties to a class-action settlement are seeking an injunction prohibiting Keller Lenkner from spreading misinformation to putative class members in an effort to scuttle that settlement. *See In re: CenturyLink Sales Practices & Sec. Litig.*, No. 17-md-2795-MJD-KMM (D. Minn.).  As renowned legal-ethics expert Nancy Moore opined in that case: Keller Lenkner "requested their clients to authorize them to seek to arbitrate their claims without providing

---

[1] A handful of Petitioners appear to be from a state other than California or Massachusetts, but the vast majority (over 99%) of Petitioners will have their claims released in *Marciano*.

them with any information about alternatives to arbitration, including waiting to see if the Tentative Settlement in the Class Action Lawsuit obtained preliminary approval, in which case the clients could decide, when notified, whether to accept the settlement (without having to pay legal fees) or to opt out of the settlement[.]"  Lipshutz Decl. Ex. D ¶ 16.

The beneficiaries of the $39.5 million *Marciano* settlement have a right to decide whether to accept or reject that settlement, and Keller Lenkner's motion to compel arbitration should be stayed so that Petitioners can make an informed decision.

**A.    Courts Routinely Stay Cases Pending Approval Of Settlements In Overlapping Cases**

Because a court has "power to control its docket," it may order a stay when it "find[s] it is efficient for its own docket and the fairest course for the parties" to stay the action "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

Federal courts regularly stay actions when an overlapping settlement agreement is subject to approval by a state court.  As the Ninth Circuit has determined, "a temporary stay pending settlement of [a] nationwide class action [i]s appropriate" when "a competing state class action covering a portion of the federal class pose[s] a significant danger to the delicate and transitory process of approving a settlement agreement." *Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*, 428 F.3d 831, 845 (9th Cir. 2005) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)).[2]

Here, several courts have already granted DoorDash's motions to stay parallel actions that would be encompassed by the proposed settlement in *Marciano*, and this Court should do the same. For example, Judge Beeler recently stayed an overlapping FLSA action against DoorDash "pending final approval of the class settlement in *Marciano*," finding that a "stay is in the best interests of judicial efficiency and comity." *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16,

---

[2]  *See also Advanced Internet Techs., Inc. v. Google, Inc.*, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (staying action when a settlement pending in an Arkansas state court approval "would have a material impact on the action here" if approved, including "substantially affect[ing] the number of class members with viable claims"); *Branca v. Iovate Health Scis. USA, Inc.*, 2013 WL 1344306, at *2 (S.D. Cal. Apr. 2, 2013) (staying action pending ruling on pending class settlement by Santa Barbara Superior Court); *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4–5 (C.D. Cal. Sept. 20, 2012) (staying action pending appeal of plaintiffs who objected to an overlapping class settlement approved by the San Diego Superior Court).

Gibson, Dunn & Crutcher LLP

3
DOORDASH'S MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

2019) (Lipshutz Decl. Ex. A). The California Court of Appeal has likewise stayed two misclassification actions against DoorDash pending approval of the *Marciano* settlement. *Brown v. DoorDash, Inc.*, No. B295813 (Cal. Ct. App. Dec. 12, 2019) (Lipshutz Decl. Ex. E); *Lowe v. DoorDash, Inc.*, No. B298535 (Cal. Ct. App. Dec. 23, 2019) (Lipshutz Decl. Ex. F).[3]

The *Marciano* settlement will release all of the California Petitioners' claims, including all claims related to DoorDash's alleged misclassification of delivery providers as independent contractors, claims under the FLSA, California Labor Code, IWC Wage Orders, the UCL, and local municipal codes. *See* Lipshutz Decl. Ex. B. Each Petitioner will have the option to opt out of the settlement. *Id.* § 6.2.

It is highly unlikely that all 5,879 Petitioners will (properly informed) opt out of the *Marciano* settlement and forgo settlement payments so they can instead arbitrate against DoorDash. Indeed, past experience shows that Keller Lenkner's clients are amenable to settlement—after DoorDash served Rule 998 offers of judgment on some of Keller Lenkner's clients in August 2019, 13 of them accepted the offer rather than arbitrate their misclassification claims. Lipshutz Decl. ¶ 8. Petitioners here should be afforded a similar opportunity to decide whether settlement is in their individual best interest.

A stay will not result in any delay for those Petitioners who accept the *Marciano* settlement. And for Petitioners who ultimately decide to opt out of the *Marciano* settlement, the delay will be minimal, if any, given the backlog of AAA arbitrations that already exists. *See* DoorDash's Opp. to Amended Motion to Compel Arbitration at 5 (filed concurrently with this motion, and describing the little progress that AAA has made on 250 arbitrations filed by Keller Lenkner against DoorDash more than six months ago).

---

[3] Magistrate Judge Corley denied DoorDash's request to stay another action pending the *Marciano* settlement. *Menifee v. DoorDash, Inc.*, No. 19-cv-06346, Dkt. 22 (N.D. Cal. Jan. 15, 2020) (Lipshutz Decl. Ex. H). But in that case, Judge Corley found it critical that the plaintiff is pursuing only individual claims and submitted a declaration that she would not accept the *Marciano* settlement under any circumstances. *See id.* at 1–2. Petitioners in this case have not made any such statements to the Court, nor should they be asked to make any such determination until the settlement is preliminarily approved and they receive official notice from the Court.

B.  **All Relevant Factors Favor A Stay**

Courts generally consider three factors when determining whether a stay is appropriate: "(1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay." *Casserly v. Power Balance, LLC*, 2011 WL 13220130, at *1 (C.D. Cal. June 13, 2011) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  All three factors favor a stay here.

*First*, no damage will result from a stay.  Petitioners' claims here are almost completely encompassed by the *Marciano* settlement and, if any Petitioner is unhappy with the terms of that settlement, he or she may choose to opt out after being notified by the settlement court of the terms of the settlement.  The court's notification should come soon:  The preliminary approval hearing is set for January 30, 2020, and notification will be sent to settlement class members 45 days after preliminary approval.  Far from prejudicing Petitioners, the notification will inform Petitioners of their rights under the settlement agreement and the significant monetary recovery to which they may be entitled.  Thus, "there is little damage to [Petitioners] from granting the stay." *Casserly*, 2011 WL 13220130, at *2; *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (stay appropriate when "Plaintiff has not shown any prejudice that will result from a brief stay while the related proceedings develop").

*Second*, absent a stay, Petitioners may be harmed by receiving confusing or conflicting communications regarding multiple cases.  Following preliminary approval, Petitioners will receive settlement notices from the San Francisco Superior Court.  If this case continues, Petitioners may also receive requests to complete additional declarations (to correct deficiencies that DoorDash has identified in its concurrently filed opposition), or perhaps AAA notices if this Court compels any Petitioners to arbitration.  To reduce the likelihood of confusion, the Court should stay this case, allow *Marciano* to proceed, and then lift the stay when it knows which (if any) Petitioners have made an informed decision to opt out of the *Marciano* settlement.

Absent a stay, Petitioners face an acute risk of confusion—in part because of the uncertain status of their representation. As DoorDash explained in its opposition to the motion to compel arbitration, the evidence submitted by Keller Lenkner suggests that an entirely different law firm (a solo practitioner in New York) represents Petitioners. *See* Opp. at 18. And many Petitioners seem to be represented by one or more *other* firms as well. *Id.* at 16–17.[4]

Further, in the *CenturyLink* case, the parties have been forced seek an injunction against Keller Lenkner in order to give their class-action settlement a chance of succeeding. Evidence was presented in that case that Keller Lenkner had spread misinformation and failed to inform its clients of their options in order to siphon off putative class members from the settlement. *See* Opp. at 19–20. Specifically, as Professor Nancy Moore explained, Keller Lenkner "manipulated [its] clients into choosing arbitration" even when settlement might have been a better option for them. Lipshutz Decl. Ex. D ¶ 15. Permitting Keller Lenkner to seek arbitration here, before the *Marciano* settlement has had a chance to be approved, will unnecessarily risk the same disinformation campaign against Petitioners.

DoorDash, too, will suffer hardship absent a stay. If this case were to continue and the Court were to compel arbitration, DoorDash would be forced to pay nonrefundable filing fees for claims that have already been settled. *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4–5 (C.D. Cal. Sept. 20, 2012) (defendant would suffer hardship absent a stay due to the possibility of duplicative and unnecessary litigation); *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014) (noting that, absent a stay, "the uncertainty as to the ability of both [the plaintiff] and the putative class to participate in the litigation could cause considerable hardship to Defendants, complicate the litigation, and waste judicial resources"). The "threat of unrecoverable economic loss"—here, nonrefundable filing fees—constitutes irreparable harm. *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 426 (9th Cir. 1996); *cf. AT&T Mobility LLC v. Bernardi*, 2011 WL 5079549, at *10 (N.D. Cal. Oct. 26, 2011) (enjoining arbitrations that would result in irreparable harm).

---

[4] This is not the only case where Keller Lenkner has purported to represent other firms' clients. Keller Lenkner recently purported to represent the *named plaintiff* who had signed a settlement agreement while represented by other counsel. *See Rimler v. Postmates, Inc.*, No. CGC-18-567868, Decl. of T. Evangelis in Support of Postmates's Opp. to the Lemaster Objectors' App. for Leave to Intervene, ¶ 6 (S.F. Super. Ct. Nov. 6, 2019) (Lipshutz Decl. Ex. I).

DoorDash "should not be required to go forward when duplicative or unnecessary litigation is likely." *Rego*, 2012 WL 12953740, at *4. As this Court stated in another context, "being forced to defend an improper arbitration demand requires expending human and monetary capital for which there is no adequate remedy at law." *Bernardi*, 2011 WL 5079549, at *10.

***Third***, a stay would simplify the issues before this Court. A stay is appropriate when "[a] decision on settlement approval in [another court] will be a significant step toward . . . at least streamlining the questions that must be resolved by this Court and clarifying what claims remain in this case and who may pursue them." *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1466963, at *3 (N.D. Cal. Feb. 14, 2019); *see also Casserly*, 2011 WL 13220130, at *2 (judicial economy favored stay where the parallel settlement "would likely impact the scope of this action"); *Rego*, 2012 WL 12953740, at *4 (stay warranted to avoid possibility of "piecemeal litigation"). Here, almost every Petitioner's claims will be encompassed within the *Marciano* settlement. Therefore, settlement approval in *Marciano* will be a significant step toward streamlining the issues and parties in this action. There is no need to waste the Court's and parties' resources continuing to litigate (or arbitrate) claims that have been settled and will be released.

Petitioners oppose a stay, arguing that the FAA "does not contain an exception to arbitration for parties who wish to pursue a class action." Dkt. 151 at 29. But this Court and others routinely approve class settlements despite the existence of class-action litigation waivers in the parties' agreements. *See, e.g.*, *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (S.F. Super. Ct. Dec. 7, 2018) (Lipshutz Decl. Ex. G); *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030 (N.D. Cal. 2016); *Lee v. JP Morgan Chase & Co.*, 2014 WL 12580237 (C.D. Cal. Nov. 24, 2014); *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 999 (N.D. Cal. 2015); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1042 (S.D. Cal. 2015). Indeed, Petitioners concede that "DoorDash is always free to offer Petitioners a . . . class settlement." Dkt. 151 at 29. And Keller Lenkner itself sought a settlement on behalf of all of its purported clients in the very first demand letter it sent to DoorDash. *See* Dkt. 35-5 at 6. *Marciano* will provide the class-wide relief that Petitioners have long purported to seek.

To the extent Keller Lenkner has objections to the *Marciano* settlement, there is no doubt it will have its voice heard. Keller Lenkner is actively trying to intervene in *Marciano* and, even if its motion

Gibson, Dunn & Crutcher LLP

7
DOORDASH'S MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

to intervene is denied, it has already filed a lengthy objection to the settlement. Keller Lenkner succeeded in having the hearing on its objection moved so that it could be heard on January 30 alongside the motion for preliminary approval.

Finally, Petitioners ask to arbitrate with AAA "without delay," Dkt. 151 at 30, but they fail to acknowledge the fact that 250 AAA arbitrations already initiated by their counsel against DoorDash have made almost no progress in more than six months since the demands were filed. *See* DoorDash's Opp. at 5. A short delay here to see which Petitioners choose to release their claims through settlement will not meaningfully delay AAA proceedings for new Petitioners who join the back of that line.

## CONCLUSION

The Court should stay this action pending the *Marciano* settlement.

Dated: January 16, 2020              GIBSON, DUNN & CRUTCHER LLP


By: _____/s/ Joshua Lipshutz_____
              Joshua Lipshutz

Attorneys for Respondent DoorDash, Inc.

Gibson, Dunn & Crutcher LLP

8
DOORDASH'S MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF CLASS SETTLEMENT
3:19-cv-07545-WHA & 3:19-cv-07646-WHA