| | |
|---|---|
| Keith A. Custis (#218818)<br>　kcustis@custislawpc.com<br>CUSTIS LAW, P.C.<br>1875 Century Park East, Suite 700<br>Los Angeles, California 90067<br>(213) 863-4276 | Ashley Keller (*pro hac vice*)<br>　ack@kellerlenkner.com<br>Travis Lenkner (*pro hac vice*)<br>　tdl@kellerlenkner.com<br>Marquel Reddish (*pro hac vice*)<br>　mpr@kellerlenkner.com<br>KELLER LENKNER LLC |
| Justin Griffin (#234675)<br>　justingriffin@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>(213) 443-3100 | 150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606<br>(312) 741-5220<br><br>Warren Postman (*pro hac vice*)<br>　wdp@kellerlenkner.com |
| Andrew Schapiro (*pro hac vice*)<br>　andrewschapiro@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Upper Wacker Dr., Suite 2700<br>Chicago, Illinois 60606<br>(312) 705-7472 | KELLER LENKNER LLC<br>1300 I Street, N.W., Suite 400E<br>Washington, D.C. 20005<br>(202) 749-8334 |

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>　　　　*Petitioners*,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>　　　　*Respondent*. | Case Nos.　3:19-cv-07545<br>　　　　　　　3:19-cv-07646<br><br>**DECLARATION OF JUSTIN C. GRIFFIN IN SUPPORT OF PETITIONERS' REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL ARBITRATION**<br><br>**Date**:　　February 10, 2020<br>**Time:**　　2:00 p.m.<br>**Judge:**　　Hon. William H. Alsup |
| CHRISTINE BOYD, et al.,<br><br>　　　　*Petitioners*,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>　　　　*Respondent*. | |

DECLARATION OF JUSTIN C. GRIFFIN
CASE NUMBERS: 3:19-cv-07545 & 3:19-cv-07646

I, Justin C. Griffin, declare as follows:

1. I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, and counsel of record for claimants in several arbitrations before the American Arbitration Association ("AAA"). I offer this declaration in support of Petitioners' Reply in Support of Petitioners' Amended Motion to Compel Arbitration. The information set forth herein is true and correct based on my own personal knowledge (unless stated otherwise) and I would testify competently thereto if asked.

2. On July 2, 2019, 250 claimants represented by Keller Lenkner filed arbitration demands against DoorDash.

3. On September 18, 2019, Quinn Emanuel and I appeared as counsel of record in the arbitrations of 249 claimants upon the filing of amended arbitration demands for these claimants. That same day, the AAA was informed that one of the claimants decided to withdraw her arbitration claim.

4. The actions of DoorDash, and its counsel, have impeded the progress of these arbitrations.

5. As described in the declaration of Warren Postman, ¶¶ 7–9, DoorDash requested multiple extensions to the payment deadlines for the filing of the arbitration fees.

6. DoorDash also refused the AAA's offer to use a master arbitrator strike list for all the arbitrations. As a result, AAA was forced to produce a strike list for each individual case and was unable to appoint an arbitrator where none of the proposed candidates for a particular arbitration survived the strike process—which happened time and again.

7. Even when the arbitrator was acceptable to DoorDash, the company requested that AAA cap the number of individual arbitrations it assigned to a single arbitrator at five—claimants requested no limit be imposed. This forced AAA to identify, and seek approval from the parties for the appointment of, many more arbitrators than would otherwise be necessary.

8. DoorDash has also uniformly opposed the filing of an early summary judgment motion that, if successful, would establish that DoorDash cannot rebut the presumption that the claimant is an employee pursuant to Prong B of the ABC Test provided in *Dynamex Operations*

*W. v. Superior Court*, 416 P.3d 1 (Cal. 2018) and Cal. Labor Code Section 2750.3. Deciding that issue early would significantly streamline the arbitrations.

9. DoorDash has also rejected claimants' efforts to streamline the cases by, amongst other things, resisting the informal exchange of documents in favor of formal discovery requests; demanding depositions; and seeking multiple-day in-person hearings instead of proceedings conducted on the papers.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed in Los Angeles, California on January 23, 2020.

_____
Justin C. Griffin