# Exhibit F

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| Plaintiffs did not submit declarations of their own setting forth facts related to their adequacy to serve as class representatives. | Plaintiffs did not submit declarations of their own setting forth facts related to their adequacy to serve as class representatives. | "Plaintiffs must provide their own declarations setting forth the basic material facts about their employment to demonstrate their adequacy to represent a settlement class. Their declarations should also set forth whether they have worked in each of the municipalities that impose civil penalties that are being released, and if not, why it is proper to release class members' local-ordinance claims that they do not themselves possess. Plaintiffs should also disclose whether they received consideration of any kind, directly or indirectly, for the release of their individual claims because that bears on their adequacy." (p. 2). |
| Ms. Liss-Riordan provided a calculation of values for pleaded claims alone. *Rimler* Liss-Riordan Dec. ("Dec.") ¶¶ 20-42.<br><br>Plaintiffs did not provide a full valuation of all released claims or an explanation of their calculation; released claims include all those defined in ¶¶ 2.2, 2.16, 2.29, and 2.41 of the *Rimler* Settlement & Release ("Release"). | Ms. Liss-Riordan provided a calculation of values for pleaded claims alone. *Marciano* Liss-Riordan Dec. ("Dec.") ¶¶ 8-32.<br><br>Plaintiffs did not provide a full valuation of all released claims or an explanation of their calculation; released claims include all those defined in ¶¶ 2.18, 2.27, and 2.37 of the *Marciano* Settlement & Release ("Release"). | "[D]ue to the explicit release of additional claims in the Settlement Agreement not pleaded in the First Amended Complaint or Proposed Second Amended Complaint, the Court believes Plaintiffs must provide a full valuation of all released claims and provide the Court with an explanation of how they calculated the value of these claims. If Plaintiffs do not believe that the valuation should extend to all released claims, Plaintiffs must provide argument supported by citation to legal authority in support of their position." (p. 2-3.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| PAGA penalties are discounted to 0.9% of their full value. Release ¶¶ 2.22-23; Notice, p. 3. | PAGA penalties are discounted to 0.025% of their full value. Release ¶¶ 2.22-23; Notice, p. 5. | "[W]hile a substantial discount for PAGA penalties may be reasonable, counsel failed to provide any factual or legal basis to justify the near 100% discount. None of the cases Plaintiffs cited justify the 0.09% allocation. In a supplemental filing, Plaintiffs must: (1) Justify the 0.09% allocation; (2) Discuss the maximum civil penalty that could be imposed if Plaintiffs were to succeed on their PAGA claims; and (3) Provide an evaluation of the factors the Court would be called on to consider in determining the ultimate civil penalty amount." (p. 3.) |
| Ms. Liss-Riordan claimed counsel exchanged "extensive data" as part of mediation. Dec. ¶ 7. She gives no further detail.<br><br>The parties were engaged in discovery in *Albert* when the matter was stayed, but there is no detailing of that discovery. Dec. ¶ 6 | Ms. Liss-Riordan claimed counsel exchanged "extensive data" as part of mediation. Dec. ¶ 7. She gives no further detail. | "Plaintiffs' counsel must disclose, in a declaration, the "substantial data" that was received in advance of mediation and the discovery that was obtained in the *Albert* case before the case was stayed. Generalized statements will be deemed insufficient." (p. 3.) |
| A fund of $250,000 is set aside as a Dispute Resolution Fund. Release ¶ 2.9. There is no justification for this. | A fund of $350,000 is set aside as a Dispute Resolution Fund. Release ¶ 2.9. There is no justification for this. | "Plaintiffs' counsel must justify the $250,000 set aside from the class and explain how compensating for payments mistakenly excluded from the class should not be covered as part of the $450,000 set aside for claims administration." (p. 3.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| "No more than thirty (30) calendar days after entry of the Preliminary Approval Order (on the Mailed Noticed Date), the Settlement Administrator shall send the Settlement Class Notice to the Settlement Class Members, via electronic mail." Release ¶ 6.2. "If any Settlement Class Notice sent via electronic mail to any Settlement Class Member is undeliverable, the Settlement Administrator shall mail the Settlement Class Notice to each Settlement Class Member whose Settlement Class Notice was undeliverable." Release ¶ 6.5. | "Within fifteen (15) days after receiving the Class Information from Defendant, the Settlement Administrator shall send a copy of the Class Notice by electronic mail to each potential Settlement Class Member." Release ¶ 6.3. "If any Class Notice sent via electronic mail to any potential Settlement Class Member is undeliverable, the Settlement Administrator shall then send the Class Notice to the potential Settlement Class Member's postal mailing address on file via first-class mail, to the extent such a mailing address is on file." Release ¶ 6.4. | "Why are the parties relying on e-mail notice and then mailed notice? Were alternatives such as notice via the Postmates App considered? If so, why were they rejected? If not, why not?" (p. 4.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| The Exclusion/Objection deadline is 60 days after the Mailed Notice Date. Release ¶ 2.12.<br><br>The settlement does not contain clear terms requiring prompt mailing of Notices by the Settlement Administrator if an email returns undeliverable. *See* Release ¶ 6.5. | Objection date set at "within 45 days of the Notice Date."  Proposed Order, p. 3. At the same time, the settlement agreement pegs it at 60 days after the Notice Date. Release ¶ 2.11.<br><br>The settlement does not contain clear terms requiring prompt mailing of Notices by the Settlement Administrator if an email returns undeliverable. *See* Release ¶ 6.4. | "Exclusion/Objection deadline: This is defined as '60 days after the Mailed Notice Date.' (Proposed Settlement Agreement, ¶ 2.12.) It is unclear what the Mailed Notice Date purports to be. Compare ¶¶ 3.1 and 6.2. Second, it's unclear if 'initial distribution' means distribution via electronic mail or postal mail. To the extent the parties are referring to electronic mail, there is no extension for those individuals to whom notice is accomplished via postal mail. Are the parties agreeable to expanding the 'Mailed Notice Date' to include initial distribution when postal mail is utilized? If the parties are opposed to extending the 60-day deadline, the settlement should contain clear terms requiring prompt mailing of Notices by the Settlement Administrator if an email returns undeliverable. (See Id. at ¶ 6.5.)" (p. 3-4.) |
| "The Plaintiffs and all Settlement Class Members who receive a payment of any kind from the Total Settlement Amount (including, in the case of the Plaintiffs, Service Awards) expressly acknowledge that such payments shall be considered non-wages for which an IRS Form 1099 will be issued, if required."  Release ¶ 4.2. | "The Plaintiffs and all Settlement Class Members who receive a payment of any kind from the Total Settlement Amount (including, in the case of the Plaintiffs, Service Awards) expressly acknowledge that such payments shall be considered non-wages for which an IRS Form 1099 will be issued, if required."  Release ¶ 4.2. | "What is the justification to exclude all payments under the settlement from the IRS reporting requirements? A declaration from a tax expert will suffice to provide the response on this issue." (p. 4.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| "To be effective, such a request must include the Settlement Class Member's name, address, and telephone number; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and the signature of the Settlement Class Member or the Legally Authorized Representative (who is not the Settlement Class Member's counsel) of the Settlement Class Member. The request must be mailed or emailed to the Settlement Administrator at the address provided in the Settlement Class Notice and must be postmarked or emailed no later than the Exclusion/Objection Deadline."  Release ¶ 7.1. | "To be effective, such a timely request must include the Settlement Class Member's name, address, and telephone number; a clear and unequivocal statement that the Settlement Class Member understands wishes to be excluded from the Settlement Class and that the Settlement Class Members understands that he or she is still bound by the release of the PAGA Claims upon Final Approval of the Final Settlement and Final Judgment; and the physical ("wet ink") signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member (who is not the Settlement Class Member's counsel). The request must be mailed or emailed to the Settlement Administrator at the address provided in the Class Notice and must be postmarked no later than the Exclusion/Objection Deadline."  Release ¶ 7.1. | Opt outs: First, what interest do Plaintiffs have for preventing counsel to opt out on behalf of their clients, either individually or on behalf of a group? What is the justification for preventing counsel from even helping submit an opt out? Second, explain the email procedures for opting out? (See Id. at ¶ 7.1.) For example, do class members have to download a form, complete it, print it, sign it, and attach it to an email? Or may a class member simply opt out in the body of an email? To the extent class members may submit claim forms through an online portal why are the procedures requesting exclusion different? Third, the Court should ultimately decide whether a contested opt out is valid. (*Id*. at ¶ 7.5.)." (p. 4-5.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| The settlement agreement requires objectors to file objections with Superior Court of California, San Francisco County and submit them to the Claims Administrator. Release ¶ 8.1-2.<br><br>A notice of intent to appear at the final approval hearing is required for objectors. Release ¶ 8.4.<br><br>A legal basis for any objection is required. Release ¶ 8.3.<br><br>There is no electronic procedure for objections.<br><br>Counsel may not submit objections. Release ¶¶ 8.3, 8.5.<br><br>Settlement class counsel is given sole responsibility to objections. Release ¶ 8.7.<br><br>Any "supporting papers" must be sent along with objections. Release ¶ 8.2. | The settlement agreement requires objectors to file objections with the Court and submit them to the Settlement Administrator. Release ¶ 8.1-2.<br><br>A notice of intent to appear at the final approval hearing is required for objectors. Release ¶ 8.4.<br><br>A legal basis for any objection is required. Release ¶ 8.3.<br><br>There is no electronic procedure for objections.<br><br>Counsel may not submit objections. Release ¶¶ 8.3, 8.5<br><br>Settlement class counsel is given sole responsibility to objections. Release ¶ 8.7.<br><br>Any "supporting papers" must be sent along with objections. Notice, p. 8. | "Objections: First, to the extent the Settlement Agreement requires objectors to file objections with the Court, this requirement should be excluded. (*Id*. at ¶¶ 8.1, 8.2, 8.4.) Second, no separate 'Notice' of an intent to appear at the final approval hearing, of any kind, should be required. (See *Id*. at ¶ 8.4.) Third, a legal basis for each objection should not be required. (*Id*. at ¶ 8.3.) Fourth, to the extent the settlement doesn't provide an email procedure / online submission portal for Objections, the parties should explain why. Fifth, what interest do Plaintiffs have for preventing counsel to object on behalf of their clients, either individually or on behalf of a group? What is the justification for preventing counsel from even helping *submit* an objection? (See *Id*. at ¶¶ 8.3, 8.5.) Sixth, explain the purpose and the effect of ¶ 8.7: "It shall be Settlement Class Counsel's sole responsibility to respond" to any objections made with respect to Counsel's award and Plaintiffs' service awards. Seventh, it's not clear what "supporting papers" are contemplated in ¶ 8.2." (p. 5.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| Notice of exclusion must be within some undefined "reasonable amount of time." Release ¶ 6.11.<br><br>Unclear what happens if there is no further money in the Dispute Resolution fund after someone has submitted a claim form. | Notice of exclusion must be within some undefined "reasonable amount of time." Release ¶ 6.11<br><br>Unclear what happens if there is no further money in the Dispute Resolution fund after someone has submitted a claim form. | "Exclusion of an Individual: What is a 'reasonable amount of time' in which an individual must notify the Settlement Administrator that they have been excluded from the class list? (See *Id.* ¶ 6.11.) How does an individual notify the Settlement Administrator? What is the timeframe for them to submit a Claim Form, an Objection, or an Opt out? Is the 60-day deadline tolled for these individuals? If there is no further money left in the Dispute Resolution Fund after they have submitted a Claim Form will that individual be able to opt out of the settlement?" (p. 5.) |
| The settlement agreement provides that the notice will inform Class Members of their right to dispute the information upon which their share of the Settlement will be calculated. Release ¶¶ 6.3, 6.4. There is no further information explaining the process Class Members are required to follow in order to dispute the information. | The settlement agreement provides that the notice will inform Class Members of their right to dispute the information upon which their share of the Settlement will be calculated. Release ¶¶ 6.2. It further states the notice will inform Class Members of their miles driven, but the notice does not. | Settlement Share Disputes: The Settlement Agreement provides that the Notice will inform Class Members of their right to dispute the information upon which their share of the Settlement will be calculated. (*Id.* at ¶¶ 6.3, 6.4.) However, there is no further information explaining the process by which Class Members are required to dispute, e.g., through the claim form or by letter; by electronic mail or postal mail; and what documentation is required and/or acceptable. (p. 6.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| The settlement notice is in English. | The settlement notice is in English. | "Have the parties confirmed that English language notice is appropriate for Postmates's workforce – i.e., is English language proficiency required for the job?" (p. 6.) |
| The settlement notice does not include a summary of other actions. | The settlement notice does not include a summary of other actions. | "Page 2, § 2: This section should disclose and briefly discuss the federal actions of *Lee* and *Albert*." (p. 6.) |
| The settlement notice's summary of settlement terms does not include information about the Dispute Resolution Fund of $250,000. Notice, p. 3.

The settlement notice's summary of settlement terms does not state that administrative costs are capped at $450,000. Notice, p. 3. | The settlement notice's summary of settlement terms does not include information about the Dispute Resolution Fund of $350,000. Notice, p. 5.

The settlement notice's summary of settlement terms estimates administrative costs at $450,000. Notice, p. 5. | "Page 3, § III: The Notice should disclose that the settlement amount includes a Dispute Resolution Fund of $250,000. The Notice should state that the Administration Costs are capped at $450,000, as set forth in the Settlement Agreement, not "estimated" at $450,000." (p. 6-7.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| The settlement award per Class Member is based in part on whether the Class Member has "opted out of arbitration, initiated arbitration, or demonstrated in writing an interest in initiating an arbitration demand against Postmates by October 17, 2019." Notice, p. 4.<br><br>A reader could reasonably come away with the impression that only individuals who submit a claim form, to the exclusion of individuals who object, are participating in the settlement such that they will receive a payment if the settlement is approved. | The settlement award per Class Member is based in part on whether the Class Member has "opted out of the arbitration agreement or who have already filed or taken steps to file individual arbitrations prior to October 24, 2019." Notice, p. 5.<br><br>A reader could reasonably come away with the impression that only individuals who submit a claim form, to the exclusion of individuals who object, are participating in the settlement such that they will receive a payment if the settlement is approved. | "Page 4, § III: The Notice should explain what 'demonstrate in writing an interest in initiating an arbitration demand against Postmates prior to October 17, 2019' means. (See first paragraph, line 4.) The fifth, sixth, and seventh paragraphs discussing the rights and options of class members is confusing. A reader could reasonably come away with the impression that only individuals who submit a claim form, to the exclusion of individuals who object, are participating in the settlement such that they will receive a payment if the settlement is approved. The Notice should be clear that both submitting a claim form and objecting are options that constitute participation in the settlement, such that a payment will be received if the settlement is approved." (p. 7.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order** (Ex. F to Postman Decl.) |
|---|---|---|
| The settlement notice does not state in plain and concise language the effect of the release and who it impacts. | The Court is likely to find the language in this notice, while different, to also be lacking. | "Page 4-6, § IV: The Notice should state the effect of the release, and who it impacts, in plain and concise language. For example: "If the Court grants final approval of the Settlement, the Court will enter judgment, the Settlement will bind all Class Members who have not opted out, and the judgment will bar all Class Members from bringing any claims released in the Settlement. The release is described below." This section also should clearly disclose the following: (1) that only by submitting a claim form, is the Class Member consenting to join as a party plaintiff to the FLSA claims and releasing those claims; and (2) that even by excluding yourself from the settlement class members still release the PAGA claims. The second paragraph on page 6 is confusing because it appears that by 'doing nothing' or not timely excluding yourself from the settlement, a person releases their FLSA claims. Also, the third and fourth paragraphs cover distinctly different information. The fourth paragraph should not start with 'This means that . . .'." (p. 7.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| The settlement payment calculation does not disclose the Class Members' estimated delivery miles, the value of those miles, that there will be tax implications, or the factors used to calculate that specific Class Members' net settlement amount. Notice, p. 6. | The settlement payment calculation does not disclose the Class Members' estimated delivery miles, the value of those miles, that there will be tax implications, or the factors used to calculate that specific Class Members' net settlement amount. Notice, p. 5. | "Page 6, § V: The Notice discloses the formula used to calculate a class member's settlement share. However, it does not disclose each class members' estimated Delivery Miles or estimated value of each mile used to compute the settlement share. This makes it practically impossible for a class member to dispute those figures or make a reasonable estimate of their payment. The following information should be clearly disclosed in each individual notice: (1) The estimated net settlement amount for distribution to class members; (2) The fact that employer-side payroll taxes will be deducted from the settlement amount; (3) Any factors that may impact the estimate for the net settlement amount (i.e., claims submitted, opt outs, reduced fee or incentive awards, successful disputes, exclusions of class members, etc.); and (4) The data used to calculate that specific class member's share of the net settlement amount, i.e., the estimated Delivery miles for that class member and estimated recovery per mile, which the class member may contest, including whether he or she is expected to have their points doubled." (p. 7-8.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| The settlement notice does not inform Class Members how to notify the Settlement Administrator of any change of address or how to misplace a lost/misplaced check. It does not explain how to dispute estimated delivery miles or what documentation is necessary to do so, and the settlement notice states payments will be distributed within a "couple months," while the settlement agreement pegs distribution at 30 days after the settlement is final. Notice, p. 6; Release ¶¶ 5.1, 5.6. | The settlement notice provides that the Settlement Administrator should be kept up to date, but then does not specify that the Settlement Administrator's address can be used to send updated personal information. Notice, p. 8; Release ¶ 5.1. | Page 7, § VI: This section should disclose the procedure and the means by which to notify the Settlement Administrator of any change of address and how to request a replacement check if lost or misplaced. This section should explain the procedure to dispute the estimated Delivery Miles and what documentation is required and/or acceptable. Lastly, the last paragraph, line 3, states that "payments will be mailed within a "couple months." The Settlement Agreement and the preceding section state that payment will be distributed approximately 30 days after the settlement becomes final. (Page 6, § V; see Proposed Settlement Agreement ¶¶ 5.1, 5.6.)." (p. 8.) |
| There is no email opt out procedure in the settlement notice and it does not disclose that opting out will still release PAGA claims, but that those who want to opt out may still object to the PAGA component of the settlement. Notice, p. 7. | There is no email opt out procedure in the settlement notice. Notice, p. 7. | "Page 7, § VII: The Notice does not provide the procedure to email an opt out. (See Proposed Settlement Agreement ¶ 7.1.) This section should disclose that opting out of the settlement will still release the PAGA claims but that those who want to opt out may still object to the PAGA component of the settlement." (p. 8.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| The settlement notice does not make clear a Class Member may opt out but still object to the PAGA portion of the settlement. Notice, p. 8.<br><br>The settlement notice creates a new obligation not contemplated in the settlement agreement whereby objecting Class Members must include the dates they worked for Postmates. Notice, p. 8<br><br>The settlement notice does not make clear that objections should be sent by mail or that Class Members may submit to any of the settlement itself, the request for attorneys' fees, or the named plaintiffs' awards, while still submitting a claim for payment. Notice, p. 8.<br><br>The phrase "[i]n the manner provided" is vague as used in the settlement notice. Notice, p. 8. | The settlement notice does not make clear that objections should be sent by mail or that Class Members may submit to any of the settlement itself, the request for attorneys' fees, or the named plaintiffs' awards, while still submitting a claim for payment. Notice, p. 8.<br><br>The phrase "in the manner and by the deadline specified above" is vague as used in the settlement notice. Notice, p. 7. | "Page 8, §VIII: The first sentence of the first and third paragraphs is confusing because a class member may opt out and still object to the PAGA portion of the settlement. Paragraph 8.3 of the Settlement Agreement and the Notice are inconsistent. The Notice contains an additional requirement whereby objecting Class Members must include their dates of service with Postmates. (See first paragraph, line 6.) All reference to the Court should be excluded. The Notice should be clear that objections are submitted *by mail* to the Settlement Administrator. This section should also disclose that Class Members may submit an objection, including to the settlement itself, the request for attorney's fees, or Plaintiffs' awards, and also submit a claim form for payment. "In the manner provided" in the last sentence of the third paragraph is vague." (p. 8.) |

13

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| Notice of when and where the Court will hold the final approval hearing is vague and fails to disclose that the Court will consider the application of attorneys' fees and service awards at the hearing. Notice, p. 8. | Notice of when and where the Court will hold final approval fails to inform Class Members who will have an opportunity to address the Court at that hearing. Notice, p. 9. | Page 8, § IX: The third sentence in lines 7-8 is vague: "The court will listen to people who have made a timely written request to speak at the hearing." It is not clear what website line 10 is referring to. This section should disclose that at the final approval hearing the Court will consider Class Counsel's application for attorney's fees and Plaintiffs' service awards, in addition to whether the settlement is fair, reasonable, and adequate." (p. 8-9.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| The settlement notice fails to inform Class Members of the website for the Claims Administrator. Notice, p. 8.<br><br>Further, the settlement notice fails to list documents listed in the settlement website or direct the reader to the Court's website. Notice, p. 9.<br><br>The settlement notice fails to contain instructions on how to use the claims administration website. Notice, pp. 8-9. | Settlement website is given, but the settlement notice fails to list documents listed in the settlement website or direct the reader to the Court's website. Notice, p. 9<br><br>The settlement notice fails to contain instructions on how to use the claims administration website. Notice, p. 9 | "Page 8-9, § X: This section should also direct the reader to the website. The URL should be displayed prominently at the end of the notice and the documents contained on the settlement website should be listed, i.e., the operative complaint, the *Lee* complaint, *Albert* complaint and any other complaint upon which a release of claims may be based, notice, settlement agreement, preliminary approval order, all papers filed in connection with preliminary approval motions (including all orders and tentative rulings) to the class. In addition, the Notice should direct the reader to the Court's website (https://www.sfsuperiorcourt.org/online-services), which provides access to the full docket in this case free of charge. The Notice should contain instructions on how to use the website." (p. 10.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| The settlement calculates individual settlement awards based on miles driven rather than on the basis of specific damages and does not give a justification for doing so. Release ¶ 5.7. | The settlement agreement calculates individual settlement awards based on miles driven rather than on the basis of specific damages and does not give a justification for doing so. Release ¶ 5.2. | "The Individual Settlement Amounts will be apportioned based on the estimated number of miles driven while using the Postmates application as a courier. This approach may be justified on the basis that computing specific damages for each Class Participant is impossible or infeasible. However, it is not clear whether impossibility of infeasibility exists here for three reasons: First, Plaintiffs should be in possession of records that elucidate variations in the (i) meal and rest break, (ii) overtime, (iii) and sick pay violation rates experienced by putative class members. Second, waiting time penalties, in particular, would only be available to individuals who no longer work for Defendant. Third, arguably class members who worked for Postmates after *Dynamex* presumably have stronger claims than those class members whose reimbursement claims may not be retroactive. Please explain the justification for computing the Individual Settlement Amounts in the chosen manner." (pp. 9-10.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | **Judge Massullo *Rimler* Order (Ex. F to Postman Decl.)** |
|---|---|---|
| The settlement gives double distribution to Class Members who "opt out of arbitration, initiate arbitration, or demonstrate in writing an interest in initiating an arbitration demand." It gives no reason for doing so or elaboration as to what this means. Release ¶ 5.7. | The settlement gives double distribution to Class Members who "opted out of the arbitration agreement or who have already filed or taken steps to file individual arbitrations[.]" It gives no reason for doing so or elaboration as to what this means. Release ¶ 5.2. | "The settlement's proposal to double the points of class members 'who opt out of arbitration, initiate arbitration, or demonstrate in writing an interest in initiating an arbitration demand against Postmates' is vague. Additionally, the reasons for such an allocation should be set forth in more detail." (p. 10.) |
| The number of Class Members who are expected to receive individual payment of at least $50 or $100 is not included. Release ¶ 5.8. | The number of Class Members who are expected to receive individual payment of at least $50 is not included. Release ¶ 5.4. | "To the extent that no class member is capable of receiving a $100 settlement check the reminder provision is futile. To the extent that no class member is capable of receiving a $50 settlement check, the redistribution process is similarly futile. Please provide, assuming a 100% claim rate, the number of class members expected to receive an individual payment of at least $50 and the number expected to receive at least $100." (p. 10.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| Plaintiffs did not provide a full valuation of all released claims, an explanation of their calculation, or justification for the breadth of released claims. Release ¶¶ 2.2, 2.16, 2.29, and 2.41. | Plaintiffs did not provide a full valuation of all released claims, an explanation of their calculation, or justification for the breadth of released claims. Release ¶¶ 2.18, 2.27, and 2.37. | "Please explain the justification for the broad release of claims and the justification for Plaintiffs' additional release of claims without proper compensation. To the extent Plaintiffs claim the service awards may be used as consideration for Plaintiffs' release of additional claims, Plaintiffs must provide argument supported by citation to legal authority in support of their position. All information should be set forth in a declaration." (p. 10.) |
| The settlement agreement contemplates that FLSA releases will only be effectuated with the submission of a valid claim, while it also says the release of claims is unconditional unless a Class Member opts out. Release ¶¶ 2.29, 2.41, 9.2. | The "Released Claims" term unequivocally states that FLSA claims will be released unless there is a valid opt out. | "Plaintiffs must reconcile ¶ 2.29 which purports to limit the FLSA release to those who submit valid claims, with ¶ 9.2 and ¶ 2.41 that effectuates a release unless a class member opts out." (p. 10.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| Plaintiffs seek to include a second amended complaint as part of the settlement, but have not done so in accordance with the California Rules of Court. Release ¶ 2.31. | Plaintiffs seek to include a second amended complaint as part of the settlement, but have not done so in accordance with the California Rules of Court. Release ¶ 3.5. | "Proposed Settlement ¶ 2.31: Plaintiffs seek to file a second amended complaint, but Plaintiffs have not filed a motion or a stip/order to do so. A settlement based on the proposed Second Amended Complaint will not be approved until it is the operative complaint. The parties must comply with Cal. Rules of Court, rule 3.1324 in filing any such amendment." (p. 11.) |
| The settlement release contemplates the Court preliminarily and permanently enjoining settling Class Members from initiating litigation against Postmates. Release ¶¶ 3.6.3, 3.8.11, 9.3. | There is a broad bar to further litigation. Release ¶ 9.2. | "Proposed Settlement ¶¶ 3.6.3, 3.8.11, ¶9.3: The Court will not order Settlement Class Members preliminarily and permanently enjoined from initiating litigation against Postmates." (p. 11.) |
| The settlement contemplates that any amendments thereto will not require further approval from the Court. Release ¶ 3.8.15. | The settlement contemplates that any amendments thereto will not require further approval from the Court. Release ¶ 3.8.14. | "Proposed Settlement ¶ 3.8.15: This section purports to allow amendments, modifications, and expansions of the agreement without further approval from the Court after final approval. The Court should not be omitted from this process." (p. 11.) |

Ex. F – Chart Comparing Proposed Settlement in *Rimler* to Proposed Settlement in *Marciano*

| *Rimler* | *Marciano* | Judge Massullo *Rimler* Order (Ex. F to Postman Decl.) |
|---|---|---|
| Settlement release contemplates Settlement Administrator will have to provide receipt of any valid claim form to the Court, but not of any objections. Release ¶ 6.10. | Settlement release does not contemplate Settlement Administrator will have to provide receipt of valid claim form *or* objections to the Court, but it *does* contemplate inclusion of receipts for valid exclusion requests. Release ¶ 6.10. | "Proposed Settlement ¶ 6.10: The Settlement Administrator will have to provide receipt of valid Claim Forms *and* Objections to the Court." (p. 11.) |
| The settlement release includes a release of claims against the administration of the settlement. Release ¶ 10.6. | The settlement release includes a release of claims against the administration of the settlement. Release ¶ 10.8. | "Proposed Settlement ¶ 10.6: This seems to be a release concerning the administration of the settlement. ¶ 10.6 bars any action against Plaintiffs, Class Counsel, Settlement Administrator, or Postmates based on distributions made under the agreement. Why is this proper?" (p. 11.) |
| Documents do not reveal when the website will be accessible. The settlement agreement contemplates the website will be "content neutral."  Release ¶ 6.9. | Documents do not reveal when the website will be accessible. The settlement agreement contemplates the website will be "content neutral."  Release ¶ 6.9. | "When will the website be accessible to Class Members? What does content-neutral mean? (*Id*. at ¶ 6.9.)" (p. 11.) |
| Documents do not explain whether an objection is valid and/or waives any rights if the objector does not include a statement of whether they intend to appear at the final approval hearing. Release ¶ 8.3. | Documents do not explain whether an objection is valid and/or waives any rights if the objector does not include a statement of whether they intend to appear at the final approval hearing. Release ¶ 8.3. | "Explain whether an objection is valid and/or waives any rights if the objector does not include a statement of whether they intend to appear at the final approval hearing, either individually or through counsel? If so, what is the justification?" (p. 12.) |

20