| | |
|---|---|
| Keith A. Custis (#218818)<br>  kcustis@custislawpc.com<br>CUSTIS LAW, P.C.<br>1875 Century Park East, Suite 700<br>Los Angeles, California 90067<br>(213) 863-4276 | Ashley Keller (*pro hac vice*)<br>  ack@kellerlenkner.com<br>Travis Lenkner (*pro hac vice*)<br>  tdl@kellerlenkner.com<br>Marquel Reddish (*pro hac vice*)<br>  mpr@kellerlenkner.com |
| Justin Griffin (#234675)<br>  justingriffin@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>(213) 443-3100 | KELLER LENKNER LLC<br>150 N. Riverside Plaza, Suite 4270<br>Chicago, Illinois 60606<br>(312) 741-5220<br><br>Warren Postman (*pro hac vice*)<br>  wdp@kellerlenkner.com |
| Andrew Schapiro (*pro hac vice*)<br>  andrewschapiro@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Upper Wacker Dr., Suite 2700<br>Chicago, Illinois 60606<br>(312) 705-7472 | KELLER LENKNER LLC<br>1300 I Street, N.W., Suite 400E<br>Washington, D.C. 20005<br>(202) 749-8334 |

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>*Petitioners*,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>*Respondent*. | Case Nos.  3:19-cv-07545<br>                 3:19-cv-07646<br><br>**PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)**<br><br>**Date**:   February 10, 2020<br>**Time:**  2:00 p.m.<br>**Judge:** Hon. William H. Alsup |
| CHRISTINE BOYD, et al.,<br><br>*Petitioners*,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>*Respondent*. | |

PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
CASE NUMBERS: 3:19-cv-07545 & 3:19-cv-07646

This Court ordered that "petitioners' counsel shall file a statement regarding whether in the state court action (*Marciano*), the state court judge will permit petitioners' counsel herein to file a single opt-out on behalf of all of his petitioner clients as opposed to individual opt-outs on behalf of each individual petitioner." ECF No. 167. Petitioners' counsel respectfully submit that it is not possible to answer this question with certainty because (a) no state court judge is currently assigned to the *Marciano* case and (b) the question raised by the Court is contested, and it likely will be many months before a state court judge resolves the dispute. If the state court eventually grants preliminary approval of a settlement in *Marciano*, Petitioners' counsel believe it is more likely than not that the court will allow Petitioners' counsel to opt Petitioners out of the *Marciano* class, and that the overwhelming majority of Petitioners will choose to have counsel do so.

Petitioners are currently unable to ask the state court judge in *Marciano* to share its position on the Court's question, because no judge is assigned to the case. On January 30, 2020, the presiding judge in *Marciano* designated the case as "complex," vacated the preliminary-approval hearing, and stated that a new scheduling order would be issued after the case was reassigned to a new judge in the complex division. *See* Postman Decl., Ex. A, ECF No. 166-1. As of this filing, *Marciano* has not been reassigned and the preliminary-approval hearing has not been rescheduled.

Before *Marciano* was set for reassignment, the question of whether counsel for absent class members should be allowed to opt their clients out of the settlement was heavily disputed. The proposed settlement agreement in *Marciano* purports to prohibit counsel from submitting opt-outs on behalf of their clients. *See* Keller Decl., Ex. AA § 7.1, ECF No. 152-27 (opt-outs are valid only if signed in "wet ink" by the class member or a legally authorized representative of the class member "who is not the class member's counsel"); *see also id.* ("Attempted collective group . . . requests for exclusion shall be ineffective and disregarded by the Settlement Administrator."). But multiple class members—including three Petitioners in this action—have moved to intervene in *Marciano* and argued that this proposed restriction would improperly deny absent class members the assistance of their counsel of choice. *See* Postman Decl., Ex. B, ECF No. 166-2 at 10–11.

Because there is no judge assigned to *Marciano* and no hearing date is set, it is not clear when, if ever, the state court will resolve this dispute regarding the opt-out issue. But some lessons

can be drawn from the proposed settlement in *Rimler v. Postmates*, which was negotiated by the same law firms as the proposed *Marciano* settlement, contains terms that are highly similar to the proposed *Marciano* settlement, and is being reviewed by the complex division of the Superior Court of California in San Francisco—the same division to which *Marciano* has been transferred. *See* Keller Decl. ¶¶ 44–46, ECF No. 152.  In *Rimler*, the state court refused to approve the proposed settlement as initially submitted.  The court observed that the proposed notice process was "very confusing and raises concerns about the adequacy of notice to the class," and it required the plaintiffs to explain "what interest do the Plaintiffs have for preventing counsel to opt out on behalf of their clients, either individually or on behalf of a group?" *Id.*, Ex. BB, ECF No. 152-28 at 3–4. Although the motion for preliminary approval of the *Rimler* settlement was initially noticed for a hearing on October 17, 2019, the hearing has been repeatedly continued, and no hearing is currently scheduled.  *See* Postman Decl. ¶ 11, ECF No. 166.

If *Rimler* is any guide, it likely will be many months before the *Marciano* settlement is approved, if it is ever approved at all.  It is also likely that the state court will raise concerns about the settlement's attempt to prevent counsel from submitting opt-outs on behalf of their clients.  If a settlement were eventually approved in *Marciano,* the court likely would allow Petitioners' counsel to opt out Petitioners.  If a Petitioner failed to file a claim for compensation from the settlement and also did not submit an opt-out form, she would lose her rights and receive no compensation.  There is no possible explanation for such an occurrence other than mistake, inadvertence, or confusion—and those are the very things that low-wage workers should be able to rely on their individually retained counsel to prevent.  The *Marciano* plaintiffs and DoorDash have no legitimate interest in preventing Petitioners' counsel from submitting an opt-out form to save their clients' rights from being released for no consideration.

To be clear, before Petitioners' counsel opted any Petitioner out of the class, counsel would notify each Petitioner of the settlement and ask if he or she would like to participate in it.  If any Petitioner chose to participate in the settlement—thereby waiving her right to prevent her claims from being resolved in a class action—Petitioners' counsel would assist her in filing a claim (and would not attempt to recover attorneys' fees from, or on behalf of, that Petitioner).  If the settlement

is ever approved, counsel submits that the overwhelming majority of Petitioners will choose to have counsel to opt them out. As explained in Petitioners' opposition to DoorDash's motion for an indefinite stay, DoorDash extended settlement offers to 742 Dashers represented by Petitioners' counsel. The offers were for <u>more</u> money than the Dashers would receive in the *Marciano* settlement. But 98.25% of those Dashers rejected the offers. Opp. at 13–14, ECF No. 165. This is compelling evidence that, if a settlement in *Marciano* is eventually approved, few Petitioners would choose to participate in it.

Finally, prompt resolution of Petitioners' motion to compel arbitration would automatically protect Petitioners' right to arbitrate and obtain the assistance of counsel, without requiring Petitioners to opt out of any class settlement. Under the Federal Arbitration Act, where a court determines that a valid agreement to arbitrate exists between the parties, "the court shall make an order directing the parties to proceed to arbitration <u>in accordance with the terms of the agreement</u>." 9 U.S.C. § 4 (emphasis added). One term of DoorDash's arbitration agreement expressly provides that DoorDash may not "participate in[] a class action." Am. Pet. To Compel Arbitration, Ex. E § XI.3, ECF No. 150-5. If the Court determines that the parties are subject to a valid arbitration agreement, it can and should "make an order directing [that DoorDash] proceed to arbitration in accordance with the terms of the agreement," which includes a prohibition on DoorDash "participat[ing] in" any class action. DoorDash would remain free to participate in a class-action settlement with any Dashers who chose to waive their right to arbitration and <u>opt in</u> to the *Marciano* settlement. But an order from this Court compelling arbitration could properly prohibit DoorDash from "participat[ing] in[] a class action" with respect to any Petitioners who have not affirmatively waived their right to arbitrate. Thus, simply by enforcing the plain terms of the arbitration agreement, an order compelling arbitration would require DoorDash to exclude each Petitioner from the *Marciano* settlement, absent their <u>affirmative consent</u> to participate in a class proceeding that is otherwise contractually prohibited.

| | |
|---|---|
| Dated: February 6, 2020 | Respectfully submitted, |
| | /s/ Ashley Keller |
| Keith A. Custis (#218818) | Ashley Keller (*pro hac vice*) |
| kcustis@custislawpc.com | ack@kellerlenkner.com |
| CUSTIS LAW, P.C. | Travis Lenkner (*pro hac vice*) |
| 1875 Century Park East, Suite 700 | tdl@kellerlenkner.com |
| Los Angeles, California 90067 | Marquel Reddish (*pro hac vice*) |
| (213) 863-4276 | mpr@kellerlenkner.com |
| | KELLER LENKNER LLC |
| Justin Griffin (#234675) | 150 N. Riverside Plaza, Suite 4270 |
| justingriffin@quinnemanuel.com | Chicago, Illinois 60606 |
| QUINN EMANUEL URQUHART | (312) 741-5220 |
| & SULLIVAN, LLP | |
| 865 S. Figueroa St., 10th Floor | Warren Postman (*pro hac vice*) |
| Los Angeles, California 90017 | wdp@kellerlenkner.com |
| 213-443-3100 | KELLER LENKNER LLC |
| | 1300 I Street, N.W., Suite 400E |
| Andrew Schapiro (*pro hac vice*) | Washington, D.C. 20005 |
| andrewschapiro@quinnemanuel.com | (202) 749-8334 |
| QUINN EMANUEL URQUHART | |
| & SULLIVAN, LLP | |
| 191 N. Upper Wacker Dr., Suite 2700 | |
| Chicago, IL 60606 | |
| (312) 705-7472 | |

*Attorneys for Petitioners*