GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

JAMES FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Respondent DOORDASH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>        Petitioners,<br><br>v.<br><br>DOORDASH, INC.,<br><br>        Respondent.<br><br>_____<br><br>CHRISTINE BOYD, et al.,<br><br>        Petitioners,<br><br>v.<br><br>DOORDASH, INC.,<br><br>        Respondent. | CASE NOS.  3:19-cv-07545-WHA<br>                        3:19-cv-07646-WHA<br><br>**DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)**<br><br>Action Filed: November 15, 2019<br><br>Hearing Date: February 10, 2020<br>Hearing Time: 2:00 p.m.<br>Hearing Place: Courtroom 12 – 19th Floor<br>Honorable William Alsup |

Gibson, Dunn & Crutcher LLP

DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

Petitioners' "response" goes well beyond answering the Court's question of whether the *Marciano* court "will permit petitioners' counsel herein to file a single opt-out on behalf of all of his petitioner clients as opposed to individual opt-outs on behalf of each individual petitioner." Dkt. 167.

The *Marciano* court has not yet decided the issue. Keller Lenkner has contributed to the delay in *Marciano* by complaining that the preliminary-approval hearing was set too early, filing a motion to intervene, and prematurely filing an objection to the settlement. The same court recently denied Keller Lenkner's attempt to intervene in the *Rimler v. Postmates* settlement (*see Rimler v. Postmates, Inc.*, No. CGC-18-567868, Order re Motions to Intervene (S.F. Super. Ct. Nov. 26, 2019) (attached as Exhibit A)), but Keller Lenkner persisted in filing an identical motion in *Marciano*, which caused the preliminary-approval hearing to get continued. The court then transferred the case to the complex division, where DoorDash will continue to press for expeditious settlement approval.

DoorDash has already briefed why the *Marciano* court should follow a long line of cases and require *individual* opt-outs, as opposed to lawyer-driven mass opt-outs. Dkt. 168 at 6–8. The recent developments in the *CenturyLink* case strengthen that argument. In *CenturyLink*, the parties were forced to seek an injunction because Keller Lenkner misrepresented settlement terms, failed to put its clients' interests above its own, and used the threat of arbitration filing fees to try to undermine a class settlement. Dkt. 168 at 12. The district court recently approved the settlement and issued the injunction. Dkt. 168-1 Ex. J.

Keller Lenkner speculates that, if the *Marciano* court approves the parties' opt-out procedure, some Petitioners might fail to submit either a claim or an opt-out form. But if Keller Lenkner actually represents Petitioners, there should be no risk of "mistake, inadvertence, or confusion." Dkt. 172 at 2. To the extent such a risk exists, it is only because Keller Lenkner used a telemarketer to generate a "client list" and does not maintain contact with its purported clients. Keller Lenkner would prefer to use each name on that list to saddle DoorDash with nonrefundable $1,900 AAA filing fees. But if a person on that list cannot even be reached by Keller Lenkner and advised on his opt-out rights, Keller Lenkner should not be submitting that person's name to AAA and triggering an additional $1,900 filing-fee obligation.

Keller Lenkner argues that few claimants accepted DoorDash's prior settlement offers. But

Gibson, Dunn & Crutcher LLP

1

DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

those offers were made to a *different* group of 742 claimants, and most if not all of the Petitioners in *this case* have never been presented with a settlement offer.  It is also unsurprising that few of the 742 claimants accepted DoorDash's settlement offers, given that they were communicated through Keller Lenkner.  *See* Dkt. 168 at 12 (evidence that Keller Lenkner misrepresented settlement terms in *CenturyLink*); 157-5 Ex. P, ¶ 14(b) (Prof. Moore describing $750 fee Keller Lenkner clients must pay if they settle before the commencement of arbitration).  If the *Marciano* court approves the settlement and a professional administrator is appointed, DoorDash is hopeful that Petitioners will be better informed about their settlement options and that many will take part in the $39.5 million settlement.[1]  The fact that Keller Lenkner has now apparently waived attorneys' fees for clients who accept the settlement means that even *more* Petitioners will accept the settlement (Dkt. 172 at 3), which further militates in favor of waiting to see how many cases settle before running up nonrefundable arbitration costs.

Finally, Keller Lenkner suggests that Petitioners should obtain an order compelling arbitration, but still reserve their right to "waive" arbitration and "opt in" to the class settlement.  Dkt. 172 at 4.  That proposal is completely unworkable, particularly given that these same Petitioners are also trying to intervene in the settlement to change its terms and procedures for every putative class member.  In short, Petitioners want to be *parties* to the case in which a settlement agreement is pending, *objectors* to that same settlement, and beneficiaries of an order that *compels arbitration*—all the while reserving their right to waive arbitration and "opt in" to the settlement whenever they choose.  The Court should avoid the numerous one-way intervention problems posed by Petitioners' proposal and instead stay this action to allow the *Marciano* settlement run its course.

Dated: February 7, 2020              GIBSON, DUNN & CRUTCHER LLP

                                     By:_____/s/ Joshua Lipshutz_____
                                              Joshua Lipshutz

                                     Attorneys for Respondent DOORDASH, INC.

---

[1]  Assuming a 100% settlement-participation rate, the average *Marciano* settlement amount would be $364 per Petitioner, a generous amount given the high percentage of Petitioners who completed very few deliveries on the DoorDash app.

Gibson, Dunn & Crutcher LLP

2
DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

# PROOF OF SERVICE

I, Tim Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State.  On February 7, 2020, I served the following document(s):

**DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)**

On the parties stated below, by the following means of service:

> CUSTIS LAW, P.C.
> Keith A. Custis
>   kcustis@custislawpc.com
> 1875 Century Park East, Suite 700
> Los Angeles, California 90067
> (213) 863-4276
>
> KELLER LENKNER LLC
> Ashley Keller
>   ack@kellerlenkner.com
> Travis Lenkner
>   tdl@kellerlenkner.com
> Marquel Reddish
>   mpr@kellerlenkner.com
> 150 N. Riverside Plaza, Suite 4270
> Chicago, Illinois 60606
> (312) 741-5220
>
> Warren Postman
>   wdp@kellerlenkner.com
> 1300 I Street, N.W., Suite 400E
> Washington, D.C. 20005
> (202) 749-8334

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format of the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

Gibson, Dunn & Crutcher LLP

3

DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
3:19-cv-07545-WHA & 3:19-cv-07646-WHA

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2020

/s/ Tim Kolesk
Tim Kolesk

Gibson, Dunn & Crutcher LLP

4

DOORDASH, INC.'S STATEMENT RE PETITIONERS' RESPONSE TO THE COURT'S ORDER (ECF NO. 167)
3:19-cv-07545-WHA & 3:19-cv-07646-WHA