Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Justin Griffin (#234675)
  justingriffin@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3100

Andrew Schapiro (*pro hac vice forthcoming*)
  andrewschapiro@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Upper Wacker Dr., Suite 2700
Chicago, Illinois 60606
(312) 705-7472

Ashley Keller (*pro hac vice*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice*)
  tdl@kellerlenkner.com
Marquel Reddish (*pro hac vice*)
  mpr@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| TERRELL ABERNATHY, et al.,<br><br>          *Petitioners,*<br><br>     vs.<br><br>DOORDASH, INC.,<br><br>          *Respondent.* | Case Nos.  3:19-cv-07545<br>                   3:19-cv-07646<br><br>**[UNREDACTED] DECLARATION OF AARON ZIGLER IN SUPPORT OF PETITIONERS' REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL ARBITRATION**<br><br>**Judge:**        Hon. William H. Alsup |
| CHRISTINE BOYD, et al.,<br><br>          *Petitioners,*<br><br>     vs.<br><br>DOORDASH, INC.,<br><br>          *Respondent.* | **Date**:       February 10, 2020<br>**Time:**       2:00 p.m.<br>**Judge:**      William H. Alsup |

I, Aaron M. Zigler, declare based on personal knowledge as follows:

1.     I certify that the statements made in this instrument are true and correct. I make the following statement based upon my own personal knowledge and if called upon as a witness, I could and would testify competently thereto.

2.     I am a lawyer first admitted to practice in 2001. I am currently admitted to practice in the highest courts of the States of Missouri, Illinois, New York and California; the Second, Seventh and Ninth Federal Circuit Courts of Appeal; and in several Federal district courts, including the Northern District of California.

3.     I am a Partner at Keller Lenkner LLC, counsel for Petitioners in this matter.

4.     This declaration is submitted in support of Petitioners' Amended Motion to Compel Arbitration.

5.     Following this Court's November 25, 2019 hearing and the issuance of Petitioners' subpoena, I was tasked with obtaining relevant discovery from International Institute for Conflict Prevention and Resolution, Inc., the arbitral forum designated in DoorDash's new arbitration agreement and known as CPR. This assignment included participating in efforts to resolve CPR's objections to Petitioners' subpoena, as well as preparing for and taking the deposition of CPR's President and CEO, Allen Waxman.

6.     On December 24, 2019, CPR produced 513 pages of documents reflecting or concerning its discussions with Gibson, Dunn & Crutcher LLP and DoorDash about the Employment-Related Mass Claims Protocol. On December 26, 2019, CPR produced an additional 17 pages of documents. CPR designated each of these documents "confidential" under the Protective Order in this case. I personally reviewed each of these documents in preparing for Mr. Waxman's deposition.

7.     On December 27, 2019, I took the deposition of CPR CEO Allen Waxman in New York at the office of his counsel. Mr. Waxman was represented by Kimberly Lunetta, Samantha Padilla, and Sara DeStefano of Morgan, Lewis & Bockius, LLP and Anna Hershenberg of CPR. DoorDash was represented at the deposition by Jesenka Mrdjenovic of Gibson Dunn. A copy of the transcript of Mr. Waxman's deposition is attached as Exhibit O to the Declaration of Joshua

Lipshutz, ECF No. 157-5.

8.      The documents produced by CPR and the testimony of Mr. Waxman confirmed that CPR's Employment-Related Mass Claims Protocol was created for DoorDash, at DoorDash's request, and with the input of DoorDash and its lawyers in response to the arbitration demands filed by Petitioners.

9.      As CPR's CEO Allen Waxman testified during his deposition: "Gibson Dunn had reached out to us and raised an issue that they had in particular relating to [arbitration] fees.  We responded by developing a protocol and welcomed their input on the protocol from a practical application standpoint."  Waxman Dep. Tr. at 119:17-21.

10.     CPR is an ADR provider that has historically focused on business-to-business disputes.  It holds itself out as the "leading independent resource helping business and their lawyers resolve disputes more efficiently."  Tr. 14:22-15:20.

11.     On March 20, 2019, Keller Lenkner notified DoorDash that it represented over 3,000 clients who intended to pursue misclassification claims in arbitration before with AAA.

12.     Shortly thereafter, Michael Holecek of Gibson Dunn reached out to CPR on behalf of an "Uber like" client.  May 17, 2019 Corr. from H.  Erickson to N.  Hanft, CPR_000007, attached to this Declaration as Exhibit A.   Helena Erickson, Senior VP of CPR, was receptive to Mr. Holecek's call, advising him that CPR "would be willing to discuss discounted fees for a large book of business." *Id.* She reported internally that Mr. Holecek's client was "dissatisfied with the AAA's due process protocol requirements and requirements for companies paying filing fees and scared to death about being inundated with mass arbitration filings" and was "looking for solutions" to these concerns.  *Id.*

13.     Nothing happened until Mr. Holecek reached out again in September—three weeks after Petitioners had filed 2,500 arbitration demands against DoorDash with AAA.

14.     Mr. Holecek called Ms. Erickson and explained that he represented DoorDash, which was facing thousands of arbitration demands and was looking to change to a new arbitration provider.  Sept. 18, 2019 Corr. from M. Holecek to H.  Erickson, CPR_000009, attached to this Declaration as Exhibit B.

[UNREDACTED] DECLARATION OF AARON M.  ZIGLER
CASE NUMBERS: 3:19-cv-07545 & 3:19-cv-07646

15.     Ms. Erickson reiterated that CPR previously "negotiated deals for a 'volume' of cases." Sept. 18, 2019 Corr. from H. Erickson to A. Waxman, CPR_000012, attached to this Declaration as Exhibit C.

16.     They spoke again two days later, with Mr. Holecek elaborating that DoorDash was seeking to change its arbitration provider prospectively to address the threat of 20,000 misclassification claims. Sept. 20, 2019 Corr. from H. Erickson to A. Waxman, CPR_000050, attached to this Declaration as Exhibit D.

17.     The next business day, Mr. Holecek was on the phone with Mr. Waxman discussing the misclassification claims against DoorDash. Tr. 125:6-129:6. By that Friday, Ms. Erickson was floating ideas to Mr. Holecek for new CPR rules to handle these claims. Sept. 27, 2019 Corr. from H. Erickson to A. Waxman, CPR_000514 attached to this Declaration as Exhibit E; Tr. at 251:24-252:04.

18.     The next week, Mr. Waxman sent a one-and-a-half-page draft proposal for discussion with two members of his Board. Oct. 2, 2019 Corr. from A. Waxman to T. Sabatino and J. Kiernan, CPR_000087, attached to this Declaration as Exhibit F; Tr. 133:23-134:12. Mr. Waxman had told the Board that he wanted to "explore a way to work on this because it is the kind of problem that demands CPR innovation, would further our mission, and could be an important source of funding going forward." *Id.* Mr. Waxman also understood that Gibson Dunn had other similarly situated clients, and he was "certainly hoping for additional opportunities with Gibson Dunn and hopefully others as well." Tr. at 216:06-217:06.

19.     That Sunday night, Mr. Waxman sent his "first draft" to Mr. Holecek (titled Multi-Claims Protocol – Draft for Gibson.docx) with "some of the financials that would make this possible for us." Mr. Waxman wrote: "We think we can be helpful" and "[w]e believe that this protocol . . . can effectively and efficiently assist in getting the matter resolved." Oct. 6, 2019, Corr. from A. Waxman to M. Holecek, CPR_000107, attached to this Declaration as Exhibit G.

20.     The next day Mr. Waxman and Ms. Erikson were on the phone with Greg Farano, Head of Litigation for DoorDash, and Mr. Holecek to discuss their concerns about CPR's draft protocol. Tr. 170:06-14. The following Monday morning, CPR had a new three-and-a-half-page

draft for Mr. Holecek that Mr. Waxman "th[ought] … captur[ed] the various concepts [they] ha[d] discussed." Oct. 14, 2019 Corr. from A. Waxman to M. Holecek, CPR_000189, attached to this Declaration as Exhibit H. The next day, Mr. Holecek responded with edits. Oct. 15, 2019 Corr. from M. Holecek to A. Waxman, CPR_000198, attached to this Declaration as Exhibit I. According to DoorDash, Gibson Dunn participated in six substantive calls with CPR regarding the protocol, three of which included DoorDash's in-house counsel. ECF No. 144 at 5.

21.    The following week, Mr. Waxman emailed a new version of the protocol to Mr. Holecek and Josh Lipshutz of Gibson Dunn and Mr. Farano of DoorDash, stating:

> Michael, Josh and Greg—please see the latest version of the protocol for our discussion below. We believe we have addressed all of Michael's comments from the prior draft to the extent feasible for us. We can talk about fees albeit we are still finalizing our analysis on this. We look forward to the discussion tomorrow.

Oct. 24, 2019 Corr. from A. Waxman to M. Holecek, CPR_000222, attached to this Declaration as Exhibit J.

22.    This collaboration continued throughout October. *See, e.g.*, Oct. 28, 2019 Corr. from A. Waxman to M. Holecek, CPR_000247 attached to this Declaration as Exhibit K; Oct. 29, 2019 Corr. from A. Waxman to M. Holecek, CPR_000259 attached to this Declaration as Exhibit L; October 30, 2019 Corr. from A. Waxman to M. Holecek, CPR_000277 attached to this Declaration as Exhibit M.

23.    Despite DoorDash's and Gibson Dunn's active participation in the drafting of the protocol, CPR did not discuss the protocol at any point with any lawyer representing drivers asserting misclassification claims. Tr. at 111:11-112:15; 115:09-15.

24.    Towards the end of the month Gibson Dunn and DoorDash exhibited a sense of urgency in finalizing the protocol so that it could be rolled out immediately after Petitioners' arbitrations were administratively closed by AAA.

25.    On October 28, 2019—the day of DoorDash's final deadline to pay filing fees to AAA for 2,250 demands—Mr. Holecek emailed AAA to state that DoorDash would not pay the filing fees necessary for any Petitioners' demands to proceed. The next day, October 29, 2019, Mr. Waxman informed two of his board members: "We spoke to DoorDash last evening. They may

want to launch as early as later today albeit this may have to be tempered by our getting everything up on the website in a timely fashion." Oct. 29, 2019 Corr. from A. Waxman to T. Sabatino and J. Kiernan, CPR_000255 attached to this Declaration as Exhibit N.

26.     That evening, however, AAA extended DoorDash's fee deadline to November 7, 2019; the following Thursday.  Mr. Holecek then, when prompted for a status update, emailed Mr. Waxman that "[o]ur timing is stable right now, and I don't anticipate having to do anything before Thursday."  Oct. 30, 2019 Corr. from M. Holecek to A. Waxman, CPR_000291, attached to this Declaration as Exhibit O.

27.     There was just one final obstacle preventing CPR from publishing the Mass Claims Protocol: the fee DoorDash would pay CPR.  CPR would not publish the protocol without an agreement on DoorDash's "payment terms."  Oct. 31, 2019 Corr. from A. Waxman to M. Holecek, CPR_000297, attached to this Declaration as Exhibit P; Tr. 220:23-221:1; 229:24-230:3.   On October 31, 2019, Mr. Farano wrote to Mr. Waxman agreeing to CPR's terms on behalf of DoorDash.  Oct. 31, 2019 Corr. from G. Farano to A. Waxman, CPR_000303, attached to this Declaration as Exhibit Q.  On November 4, 2019, Mr. Waxman notified Mr. Holecek that CPR had posted the final protocol.  Nov. 4, 2019 Corr. from A. Waxman to M. Holecek, CPR_000310, attached to this Declaration as Exhibit R.

28.     On November 8, 2019, AAA administratively closed Petitioners' files due to DoorDash's failure to pay the required filing fees. ECF No. 151 at 10.  The very next day—a Saturday—DoorDash rolled out its new arbitration agreement to Dashers, including Petitioners, when they reported for work by logging into the DoorDash app. *Id.* at 11.  This new agreement requires Dashers to arbitrate under CPR's Employment-Related Mass Claims Protocol. *Id.*

29.     Although the discovery from CPR tells a compelling story of how and why the Mass Claims Protocol was created, there are still questions that are unanswered.

30.     During his deposition, Mr. Waxman refused to answer a number of questions on the advice of counsel.  For example, I asked Mr. Waxman to identify other parties who commented on the protocol and Mr. Waxman refused to answer on the advice of counsel. Tr. at 156:20-22; 187:17-192:20; 194:8-195:5; 206:12-25.

31.     I asked Mr. Waxman about the availability of the neutrals available to CPR, to understand CPR's capability to handle a large volume of claims.  Mr. Waxman refused to answer on the advice of counsel.  Tr. at 55:21-57:15.

32.     I asked Mr. Waxman how the Mass Claim Protocol's expected fee structure would impact CPR's revenue.  Mr. Waxman refused to answer on the advice of counsel.  Tr. 232:15-23.

33.     I asked Mr. Waxman to confirm CPR's descriptions of the subject areas of its arbitrations and the identities of its major donors, listed on its 2019 "Annual Review."  Mr. Waxman refused to answer on the advice of counsel.  Tr. 62:2-65:3.

34.     Although CPR's website and Annual Review tout Gibson Dunn as a donor, Mr. Waxman also refused to answer on the advice of counsel questions concerning the amount of money paid to CPR by Gibson Dunn or DoorDash.  Tr. at 65:4-24.

35.     I asked Mr. Waxman to describe the other Rules, Protocols or Guidance he had worked on at CPR, to understand whether the Employment-Related Mass Claims Protocol was consistent with CPR's prior practices.  Mr. Waxman refused to answer on the advice of counsel. Tr. at 34:16-36:20.

36.     I asked Mr. Waxman to describe the process that was followed the last time CPR modified its arbitration Rules.  Tr. 43:3-43:16.  Mr. Waxman refused to answer on the advice of counsel.  Tr. 43:17-22.

37.     Mr. Waxman also refused to answer on the advice of counsel questions concerning how long prior CPR processes took to develop, who was involved in developing those processes, and who advocated for any changes.  Tr. 44:19-47:9.

38.     I asked Mr. Waxman to describe his employment history, to lay a foundation for questions concerning CPR's interest in a "book of business."  Tr. 47:1249:9.  Mr. Waxman refused to answer on the advice of counsel.  *Id.*

39.     I pressed Mr. Waxman's counsel to explain the basis for her instructions not to answer, in an effort to resolve our dispute.  Tr. 78:25-81:15.  We took a break in the deposition, and I sought to determine if the Court could be reached to resolve the dispute.  Upon consulting the Court's website I learned that the Court was unavailable that day.

40.     Mr. Waxman refused to answer on the advice of counsel any questions concerning actions taken after the November 4, 2019 launch of the Mass Claims Protocol.  This included questions concerning additional conversations with Gibson Dunn or DoorDash, Tr. 241:16-242:8, Judge Scheindlin's involvement as the newly announced head of arbitrations subject to the Protocol, Tr. 248:2-21, and any other businesses that may have adopted CPR's Mass Claims Protocol, Tr. 249:18-250:13.

41.     Mr. Waxman also testified that he did not remember Keller Lenkner "coming up" when CPR was creating the Mass Claims Protocol.  Tr. at 253:24-254:06.

42.     Following my review of Mr. Waxman's transcript, I reached out to his counsel in a further attempt to resolve our discovery dispute.  I proposed that Petitioners would agree not to seek to compel further discovery if CPR would produce: 1) documents sufficient to show the amount of all payments from Gibson Dunn and DoorDash to CPR since 2017; 2) all drafts of the Mass Claims Protocol; 3) all documents reflecting invitations to comment or comments on the protocol; 4) all documents (*e.g.* forwards and replies) relating to CPR_303; the email from Mr. Farano agreeing to CPR's terms; 5) all documents (*e.g.* forwards and replies) relating to CPR_310; the email announcing that the Mass Claims Protocol was live; and 6) all documents mentioning Ashley Keller, Travis Lenkner, Warren Postman or Keller Lenkner.

43.     In the course of those discussions, it because clear that responsive documents created after November 4, 2019 had not been produced.  I requested production of those documents.

44.     Although Ms. Lunetta agreed to produce documents that reflect communications between CPR, Gibson Dunn, and DoorDash; and communications internally that reflect conversations with DoorDash or Gibson Dunn regarding the protocol after November 4, 2019, she refused to produce communications with anyone other than Gibson Dunn and DoorDash.  She would not produce all drafts of the protocol.  She would not produce additional comments on the protocol.  Jan 19, 2020 Corr. from K.  Lunetta to A. Zigler, attached to this Declaration as Exhibit. S.

45.     As of the execution of this declaration, no additional documents from CPR have been produced.

1    I affirm that the foregoing is true under penalty of perjury.

2

3    Signed on January 23, 2020.

4                                            /s/ Aaron M.  Zigler

5                                            Aaron M.  Zigler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[UNREDACTED] DECLARATION OF AARON M.  ZIGLER
CASE NUMBERS: 3:19-cv-07545 & 3:19-cv-07646

# Exhibit A

| | |
|---|---|
| **From:** | Helena Erickson [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=A53AEF00207B4B1E916EEA858FCF73D4-HELENA ERIC] |
| **Sent:** | 5/17/2019 2:16:05 PM |
| **To:** | Noah Hanft [nhanft@cpradr.org] |
| **Subject:** | Potential Business |

Just got off the phone with https://www.gibsondunn.com/lawyer/holecek-michael/ who has an Uber like client with many contracts with independent contractors and who is dissatisfied with the AAA's due process protocol requirements and requirements for companies paying filing fees and scared to death about being inundated with mass arbitration filings. He's looking for solutions. While noting that we adhere to the DDP, I said we would be willing to discuss discounted filing fees for a large book of business, suggested other ways of lowering costs such as single arbitrator and CPR selection. I mentioned the AKC program. He questioned whether we would ever do a flat fee for the full case load. I said that is something we haven't to my knowledge been asked before, we wouldn't reject out of hand but that would be above my pay grade and that at a minimum, the fee would have to be big enough to hire staff to cover the book of business. He was thrilled that we were even open for discussion unlike the AAA. He's going to take a look at our employment procedures as well as the AKC program and then may be discuss further.

Helena Tavares Erickson, Esq.
Senior Vice-President, Dispute Resolution Services & Corporate Secretary
CPR: International Institute for Conflict Prevention and Resolution
30 East 33rd St., 6th Floor
New York, NY 10016
T: ???949-6490 x 237
F: ???949-8859
www.cpradr.org

Connect with CPR: **www.cpradr.org** | **Facebook** | **Twitter** | **LinkedIn**

For more information about CPR's Administered Arbitration Rules, click **here.**

CONFIDENTIAL

# Exhibit B

**From:** Holecek, Michael [MHolecek@gibsondunn.com]
**Sent:** 9/18/2019 11:41:57 AM
**To:** Helena Erickson [herickson@cpradr.org]
**Subject:** RE: Introduction

Helena,

It was nice speaking with you again on the phone.  As I mentioned, I represent DoorDash, Inc., and we are looking to change our arbitration administrator from AAA to a new company.  We are looking for a way to solve the issue of mass arbitration demands.  Our current administrator charges us a separate $1900 filing fee for every arbitration demand, even if thousands of identical arbitration demands are filed at the same time.  Most of those arbitrations never proceed, and yet we still face the prospect of being billed for millions of dollars of filing fees.  We are looking for an alternative arrangement – such as a cap on filing-fee expenses, a fixed monthly retainer, and hourly arrangement, or some other type of alternative fee-schedule arrangement.

You mentioned that it may be possible to speak with Alan next Monday at noon eastern.  That time works for me.  If a different time works better for you and Alan, please let me know.

Best,
Michael


**Michael J. Holecek**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 • Fax +1 213.229.6018
MHolecek@gibsondunn.com • www.gibsondunn.com


**From:** Helena Erickson <herickson@cpradr.org>
**Sent:** Wednesday, May 15, 2019 10:18 AM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** RE: Introduction

[External Email]
Michael, Just to let you know, I have meetings scheduled from 2-4 my time – in case you want to speak before then.

Helena Tavares Erickson, Esq.
Senior Vice-President, Dispute Resolution Services & Corporate Secretary
CPR:  International Institute for Conflict Prevention and Resolution
30 East 33rd St., 6th Floor
New York, NY 10016
T: +212-949-6490 x 237
F: +212-949-8859
www.cpradr.org

Connect with CPR: **www.cpradr.org** | **Facebook** | **Twitter** | **LinkedIn**

For more information about CPR's Administered Arbitration Rules, click **here.**

CONFIDENTIAL

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Tuesday, May 14, 2019 9:03 PM
**To:** Helena Erickson <herickson@cpradr.org>; Orlowski, Victoria R. <VOrlowski@gibsondunn.com>; Olivier Andre <oandre@cpradr.org>
**Subject:** RE: Introduction

Thank you very much, Helena. {And thank you, Victoria, for making the introduction}.
Helena, I will call you tomorrow. I look forward to speaking with you.
Best,
Michael


**Michael J. Holecek**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 ▪ Fax +1 213.229.6018
MHolecek@gibsondunn.com ▫ www.gibsondunn.com


**From:** Helena Erickson <herickson@cpradr.org>
**Sent:** Tuesday, May 14, 2019 6:00 PM
**To:** Orlowski, Victoria R. <VOrlowski@gibsondunn.com>; Olivier Andre <oandre@cpradr.org>
**Cc:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** Re: Introduction

[External Email]
That would be me. I am available after 10 am. 646 753 8237.

Get Outlook for iOS

**From:** Orlowski, Victoria R. <VOrlowski@gibsondunn.com>
**Sent:** Tuesday, May 14, 2019 8:15:04 PM
**To:** Olivier Andre
**Cc:** Helena Erickson; Holecek, Michael
**Subject:** Introduction

Olivier,

I hope this finds you well.
I'm in Miami getting ready to come back to New York and then go back to Miami again later this week -- long story....

A colleague of mine based out of California, Michael Holecek, is curious about CPR arbitration in the domestic US context.
He's got a very specific (and pretty concerning) issue he is dealing with.
He is hoping someone at CPR may be able help fashion a solution and prevent some attempted abuse of process.

Who is a good contact for him to talk to? I've copied him here.

Many thanks,

Victoria

CONFIDENTIAL

Victoria Orlowski

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2367 * Fax +1 212.351.5257
VOrlowski@gibsondunn.com * www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CPR_000011

# Exhibit C

**From:**      Helena Erickson [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
                    (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=A53AEF00207B4B1E916EEA858FCF73D4-HELENA ERIC]
**Sent:**       9/18/2019 11:51:54 AM
**To:**         Holecek, Michael [MHolecek@gibsondunn.com]
**Subject:**  RE: Introduction

Allen – do you want to resend with correct spelling?

Helena Tavares Erickson, Esq.
Senior Vice-President, Dispute Resolution Services & Corporate Secretary
CPR: International Institute for Conflict Prevention and Resolution
**30 East 33rd St., 6th Floor**
**New York, NY 10016**
T: +212-949-6490 x 237
F: +212-949-8859
www.cpradr.org



**Connect with CPR: www.cpradr.org | Facebook | Twitter | LinkedIn**

**For more information about CPR's Administered Arbitration Rules, click here.**

---

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Wednesday, September 18, 2019 11:42 AM
**To:** Helena Erickson <herickson@cpradr.org>
**Subject:** RE: Introduction

Helena,

It was nice speaking with you again on the phone. As I mentioned, I represent DoorDash, Inc., and we are looking to change our arbitration administrator from AAA to a new company. We are looking for a way to solve the issue of mass arbitration demands. Our current administrator charges us a separate $1900 filing fee for every arbitration demand, even if thousands of identical arbitration demands are filed at the same time. Most of those arbitrations never proceed, and yet we still face the prospect of being billed for millions of dollars of filing fees. We are looking for an alternative arrangement – such as a cap on filing-fee expenses, a fixed monthly retainer, and hourly arrangement, or some other type of alternative fee-schedule arrangement.

CONFIDENTIAL

You mentioned that it may be possible to speak with Alan next Monday at noon eastern.  That time works for me.  If a different time works better for you and Alan, please let me know.

Best,
Michael


**Michael J. Holecek**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 ◦ Fax +1 213.229.6018
MHolecek@gibsondunn.com ◦ www.gibsondunn.com

---

**From:** Helena Erickson <herickson@cpradr.org>
**Sent:** Wednesday, May 15, 2019 10:18 AM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** RE: Introduction

[External Email]
Michael, Just to let you know, I have meetings scheduled from 2-4 my time – in case you want to speak before then.

Helena Tavares Erickson, Esq.
Senior Vice-President, Dispute Resolution Services & Corporate Secretary
CPR:  International Institute for Conflict Prevention and Resolution
**30 East 33rd St., 6th Floor**
**New York, NY 10016**
T: +212-949-6490 x 237
F: +212-949-8859
www.cpradr.org

**Connect with CPR: www.cpradr.org | Facebook | Twitter | LinkedIn**

**For more information about CPR's Administered Arbitration Rules, click here.**

---

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Tuesday, May 14, 2019 9:03 PM
**To:** Helena Erickson <herickson@cpradr.org>; Orlowski, Victoria R. <VOrlowski@gibsondunn.com>; Olivier Andre <oandre@cpradr.org>
**Subject:** RE: Introduction

Thank you very much, Helena.  (And thank you, Victoria, for making the introduction).
Helena, I will call you tomorrow.  I look forward to speaking with you.
Best,
Michael


**Michael J. Holecek**

CONFIDENTIAL

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 ◦ Fax +1 213.229.6018
MHolecek@gibsondunn.com ◦ www.gibsondunn.com

---

**From:** Helena Erickson <herickson@cpradr.org>
**Sent:** Tuesday, May 14, 2019 6:00 PM
**To:** Orlowski, Victoria R. <VOrlowski@gibsondunn.com>; Olivier Andre <oandre@cpradr.org>
**Cc:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** Re: Introduction

[External Email]
That would be me.  I am available after 10 am.  646 753 8237.

Get Outlook for iOS

---

**From:** Orlowski, Victoria R. <VOrlowski@gibsondunn.com>
**Sent:** Tuesday, May 14, 2019 8:15:04 PM
**To:** Olivier Andre
**Cc:** Helena Erickson; Holecek, Michael
**Subject:** Introduction

Olivier,

I hope this finds you well.
I'm in Miami getting ready to come back to New York and then go back to Miami again later this week -- long story....

A colleague of mine based out of California, Michael Holecek, is curious about CPR arbitration in the domestic US context.
He's got a very specific (and pretty concerning) issue he is dealing with.
He is hoping someone at CPR may be able help fashion a solution and prevent some attempted abuse of process.

Who is a good contact for him to talk to?  I've copied him here.

Many thanks,

Victoria

 Victoria Orlowski

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2367 * Fax +1 212.351.5257
VOrlowski@gibsondunn.com * www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

CPR_000015

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CPR_000016

# Exhibit D

**From**:     Helena Erickson [herickson@cpradr.org]
**Sent**:     9/20/2019 6:35:31 PM
**To**:       Allen Waxman [awaxman@cpradr.org]
**CC**:       Anna Hershenberg [ahershenberg@cpradr.org]
**Subject**:  Call with Michael

I spoke with Michael from Gibson Dunn, who send the regards of your old friend Kevin Rosen with whom he works.  He clarified a number of points.

This would be prospective.  It is NOT about the tips claims (which indeed are not expected in the future given the new policy) but about threatened claims over the alleged misclassification of the Dashers as independent contractors. They have already been threatened by 3 plaintiffs' firms with 20,000 alleged claims.

DoorDash has 500,000 Dashers in all 50 states and a couple of foreign countries (he's going to check on whether they have to sign the arbitration clauses).  300,000 are in California  Most are in or near a  major metropolis.  See https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201920200AB5 for California's newest bill/law that provides when independent contractors are employees.

Plaintiffs' counsel in the prior DD cases or in other clients' similar cases, filed either by filing a single demand with an attached spreadsheet of plaintiffs or by providing a zip file of 1000 identical (but for the claimant's name) demands.

AAA assigned a single case number and a single case manager in each instance and then held a single conference call, although they were assured that each matter would be assigned a separate arbitrator.  In other words – they docketed only 1 matter.
In the 1000 case instance, plaintiffs' firm was a four man entity that used the filing fee (that would have to be paid by DD) to try to "extort" a settlement. The plaintiffs' firm was only able to actually pursue a few of the cases. [Query if that is ethical – a lawyer can't take on more than he can handle.]

DD *has* arbitrated single cases filed by individual plaintiffs and there have been some optouts who filed court cases.

He does not believe that his client would care if a single docket number or DD-1, 2, 3, etc. were assigned to his matter. What he cares about are the filing fees being used to extort a settlement.  He had looked at our website and was very interested in the NA Rules because he saw them as a way to avoid the filing fees. I pointed out that in the event that CPR was called upon to select the arbitrator as he was contemplating, absent an agreement, there would be a fee of $3000/case for a single arbitrator case.

Some Potential issues/questions to myself:



CONFIDENTIAL



Helena Tavares Erickson, Esq.
Senior Vice-President, Dispute Resolution Services & Corporate Secretary
CPR:  International Institute for Conflict Prevention and Resolution
**30 East 33rd St., 6th Floor**
**New York, NY 10016**
T: +212-949-6490 x 237
F: +212-949-8859
www.cpradr.org



**Connect with CPR: www.cpradr.org | Facebook | Twitter | LinkedIn**

CPR_000051

For more information about CPR's Administered Arbitration Rules, click <u>here</u>.

CONFIDENTIAL

CPR_000052

# Exhibit E

| | |
|---|---|
| **From:** | Helena Erickson |
| **Sent:** | Friday, September 27, 2019 5:23 PM |
| **To:** | Allen Waxman |
| **Subject:** | Re: Catch up |

Spoke with GB.  He's good with NA Rules and 40+ on Panel.  Focusing on how will arbitrators do so many cases.  I said have you considered test cases and his reaction was that might work since there is no binding precedent but he'll have to prep his client because he's going to see Collective Action lightbulbs right away.  I said we'd do more thinking on it, so I think we are in a good position to float your proposal.

Get Outlook for iOS

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Friday, September 27, 2019 5:04:09 PM
**To:** Helena Erickson <herickson@cpradr.org>
**Subject:** Accepted: Catch up
**When:** Wednesday, October 2, 2019 11:30 AM-12:00 PM.
**Where:**

1

CONFIDENTIAL

# Exhibit F

| | |
|---|---|
| **From**: | Allen Waxman [awaxman@cpradr.org] |
| **Sent**: | 10/2/2019 6:21:42 PM |
| **To**: | Thomas Sabatino [tjsabatino@gmail.com]; 'Kiernan, John S.' [jskiernan@debevoise.com] |
| **CC**: | Helena Erickson [herickson@cpradr.org] |
| **Subject**: | RE: DRS |
| **Attachments**: | Multi-Claims Protocol - Draft 10-2-19.docx |

I am looking forward to our call tomorrow.

Helena and I have been working back and forth on a draft protocol that would help guide our work with a multiple individual claim scenario.  See the attached.  This can help guide our discussion.

Thanks

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Saturday, September 28, 2019 2:21 PM
**To:** Thomas Sabatino <tjsabatino@gmail.com>; 'Kiernan, John S.' <jskiernan@debevoise.com>
**Cc:** Helena Erickson <herickson@cpradr.org>; Laura DeLuca <LDeLuca@cpradr.org>
**Subject:** DRS

*Tom and John – hope you are doing well.*

*Just got back from Europe last evening – Zurich, Oslo, and Barcelona.  Had some great events, made a number of pitches to prospects and met with EAB.  All in all, a great two weeks in some not too bad venues!*

*While I was away, a friend of mine from Gibson, Dunn (member firm) referred a matter to us for potential handling.  It involves their client Door Dash, which runs one of these delivery services, like Seamless and others.  They engage thousands of delivery people, who they classify as independent contractors.  Many of them are now challenging this classification under a recent California decision – Dynamex Operations West, Inc v. Superior Court of Los Angeles, which broadens the definition of what qualifies as an employment relationship.  Even so, the governing law under the contract is defined as the place where the contractor performs most of her services, so the individual claims will likely turn on the applicable law and the weighing of various factors.*

*In their contracts with their individual delivery service providers, they have an "opt out" arbitration clause and a class/collective action waiver.  The contracts seem to meet our due process protocols.  The contracts rely upon the AAA rules and provisions.*

*Door Dash has been threatened by plaintiff lawyers with the filing of thousands of individual claims.  AAA is charging $1900 per case; a fact that plaintiffs have used to try and force an upfront settlement.  Door Dash has asked AAA for some relief; AAA has refused although they have said they are working on a fee schedule for mass filing of claims.  None has yet been generated.  Thus far, Door Dash has paid for the filing fees on about 250 so as to allow them to proceed*

*Door Dash and Gibson, Dunn are frustrated, and are interested in changing the Door Dash contracts going forward to move away from AAA, and want to explore application of our non-administered rules in these circumstances so as to avoid a filing fee altogether.  We have been discussing with them the challenges of arbitrator selection, nonetheless, and the overall challenge of handling a mass filing of individual arbitration claims.  Gibson understands, and wants to brainstorm with us.*

*I would like to explore a way to work on this because it is the kind of problem that demands CPR innovation, would further our mission, and could be an important source of funding going forward.  We have canvassed our panel to*

*determine how many might be interested in handling these matters.  Over 40 have thus far expressed interest.  Gibson does not think plaintiffs will actually pursue that many claims.  Even so, it is daunting for any arbitral provider, and  Helena and I have been thinking about various protocols to make this more feasible, and to increase our efficiencies while maintaining due process controls.*

*Ultimately, it may not be possible for us to engage, but I think it might be useful if we spoke later this week if you are available.  I am out for the holidays on Monday and Tuesday, but let us know if you would be available Wednesday – Friday.  I am copying Laura for this purpose as well.*

*Thanks*

*--Allen*

CPR_000088

# Exhibit G

| | |
|---|---|
| **From**: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent**: | 10/6/2019 7:55:31 PM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com] |
| **CC**: | Helena Erickson [herickson@cpradr.org] |
| **BCC**: | Allen Waxman [awaxman@cpradr.org] |
| **Subject**: | Door Dash |
| **Attachments**: | Multi-Claims Protocol - Draft for Gibson.docx |

Mike – I hope you have been well, and your trial went ok.

I understand we may be talking tomorrow about the Door Dash matter.

We think we can be helpful.  Helena and I have been working with other leaders in our organization on pulling together a protocol for how CPR might proceed in handling multiple, simultaneously-filed claims of 50 or more.  We believe we have identified an innovative solution that makes arbitration work for all involved in a fair and efficient matter.

Attached is our first draft of a protocol.  We think it enables the parties in good faith to try and resolve their disputes in an efficient fashion by using test arbitration cases and mediation.  If this fails, the parties can then opt out or proceed with the remaining arbitrations.  We at CPR believe that this provides a fair and preferable alternative to litigation.

We also have proposed some of the financials that would make this possible for us, but are happy to discuss further with you.

We believe that this protocol coupled with our panel of neutrals, non-administered rules and cost-structure can effectively and efficiently assist in getting the matter resolved.

We look forward to discussing with you (perhaps tomorrow afternoon), and look forward to hearing your thoughts.

Thanks

-Allen

CONFIDENTIAL

# Exhibit H

| | |
|---|---|
| **From**: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent**: | 10/14/2019 11:37:37 AM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com] |
| **CC**: | Helena Erickson [herickson@cpradr.org] |
| **BCC**: | Allen Waxman [awaxman@cpradr.org] |
| **Subject**: | Protocol |
| **Attachments**: | Multi-Claims Protocol Draft for Gibson(4).docx |

Michael – hope you had a nice weekend.

Attached is our latest provisional protocol.  I think this captures the various concepts we have discussed.  In the end, we think that the appellate procedure is probably not worth the time delay given that there are 10 test cases.  Having 10 cases should bring sufficient credibility to the mediation process, and we could foresee ways that an appellate review of ten cases could unnecessarily complicate matters.  Happy to discuss further.

We think that the protocol addresses the issue raised the other day by allowing the parties in the mediation to set forth a process for presenting and resolving individual claims.  If there is a threshold that needs to be reached, the parties can agree upon that with the mediator, but we don't think the arbitrations need be stayed in the meantime because it will take time for those arbitrations to proceed in any event, and this will incentivize all parties to work through the process efficiently.  Happy to discuss this as well.

We still need to vet aspects of this protocol with our leadership so it is not final, but should allow us to continue the dialogue.  We also have placeholders on the financial fees, and can finalize those as the protocol progresses.

Let us know if you have any questions.

Thanks

CPR_000189

# Exhibit
# I

| From: | Holecek, Michael [MHolecek@gibsondunn.com] |
|---|---|
| Sent: | 10/15/2019 5:12:41 PM |
| To: | Allen Waxman [awaxman@cpradr.org] |
| CC: | Helena Erickson [herickson@cpradr.org] |
| Subject: | RE: Door Dash |
| Attachments: | Multi-Claims Protocol Draft for Gibson(4).docx |
| | |
| Flag: | Flag for follow up |

Allen and Helena,

Thanks again for sending this revised protocol.  We continue to think that we are on the same page and that the protocol could work for DoorDash.  In the attached draft, I've interlineated a few comments, questions, and recommendations.  If it is easy for you to email me responses, that works fine.  Alternatively, if it is easier for you to discuss these issues over the phone, that works as well.  We can find a time later this week for a call.

Thanks again.


**Michael J. Holecek**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 ◦ Fax +1 213.229.6018
MHolecek@gibsondunn.com ◦ www.gibsondunn.com


**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Sunday, October 6, 2019 4:56 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Cc:** Helena Erickson <herickson@cpradr.org>
**Subject:** Door Dash

[External Email]
Mike – I hope you have been well, and your trial went ok.

I understand we may be talking tomorrow about the Door Dash matter.

We think we can be helpful.  Helena and I have been working with other leaders in our organization on pulling together a protocol for how CPR might proceed in handling multiple, simultaneously-filed claims of 50 or more.  We believe we have identified an innovative solution that makes arbitration work for all involved in a fair and efficient matter.

Attached is our first draft of a protocol.  We think it enables the parties in good faith to try and resolve their disputes in an efficient fashion by using test arbitration cases and mediation.  If this fails, the parties can then opt out or proceed with the remaining arbitrations.  We at CPR believe that this provides a fair and preferable alternative to litigation.

We also have proposed some of the financials that would make this possible for us, but are happy to discuss further with you.

We believe that this protocol coupled with our panel of neutrals, non-administered rules and cost-structure can effectively and efficiently assist in getting the matter resolved.

We look forward to discussing with you (perhaps tomorrow afternoon), and look forward to hearing your thoughts.

CPR_000198

Thanks

-Allen

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

# Exhibit J

| | |
|---|---|
| **From**: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent**: | 10/24/2019 5:50:27 PM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com]; Lipshutz, Joshua S. [JLipshutz@gibsondunn.com]; Gregg Farano [gregg.farano@doordash.com]; Helena Erickson [herickson@cpradr.org] |
| **BCC**: | Allen Waxman [awaxman@cpradr.org] |
| **Subject**: | RE: DoorDash/CPR call |
| **Attachments**: | Mass-Claims Provisional Protocol--DD.docx |

Michael, Josh and Gregg – please see the latest version of the protocol for our discussion below.

We believe we have addressed all of Michael comments from the prior draft to the extent feasible for us.  We can talk about fees albeit we are still finalizing our analysis on this.

We look forward to our discussion tomorrow.

Thank you

-----Original Appointment-----
**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Friday, October 18, 2019 11:59 AM
**To:** Holecek, Michael; Lipshutz, Joshua S.; Gregg Farano; Helena Erickson; Allen Waxman
**Subject:** DoorDash/CPR call
**When:** Friday, October 25, 2019 12:30 PM-1:15 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

**Toll-free dial-in number (U.S. and Canada):**
(866) 747-5969

**International dial-in number:**
(631) 812-8554

**Conference code:**
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

# Exhibit

# K

| | |
|---|---|
| **From**: | Allen Waxman [awaxman@cpradr.org] |
| **Sent**: | 10/28/2019 2:51:46 PM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com]; Gregg Farano [gregg.farano@doordash.com]; Lipshutz, Joshua S. [JLipshutz@gibsondunn.com]; Helena Erickson [herickson@cpradr.org] |
| **Subject**: | RE: DD/CPR call |
| **Attachments**: | Mass-Claims Employment-Related Protocol--DD.docx |
| | |
| **Flag**: | Flag for follow up |

*Michael, Gregg and Josh – Helena may not be able to join us for today's call, but let's proceed in any event.*

*I am attaching the latest version of the Protocol. We should be able to post the Protocol and a template before week's end.  We do think it important that all claimants who will be subject to the Protocol be given the opportunity to review the Protocol before signing on.*

*In terms of the fee structure under the Protocol, we propose to specify those fees separately in a note to be accepted and confirmed by you all.  We should have numbers shortly, but I just want to specify what they will cover:*

- *The <u>initiation fee</u> (Para 1) shall cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The <u>appointment fee</u> per arbitrator appointment (para 4f and Para 22) shall cover the costs relating to managing the appointment process;*
- *The <u>mediation administrative fee</u> (Para 8) shall cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*
- *The <u>presentation fee</u> (Para 19) shall cover the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*
- *There are references to other <u>a la carte fees</u> in the Protocol should other services be needed (i.e., fundholding); and*
- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

-----Original Appointment-----
**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Friday, October 25, 2019 5:05 PM
**To:** Holecek, Michael; Gregg Farano; Lipshutz, Joshua S.; Allen Waxman; Helena Erickson
**Subject:** DD/CPR call
**When:** Monday, October 28, 2019 2:00 PM-3:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

Toll-free dial-in number (U.S. and Canada):
(866) 747-5969

International dial-in number:
(631) 812-8554

Conference code:
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CPR_000248

# Exhibit L

| From: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
|---|---|
| Sent: | 10/29/2019 12:41:50 PM |
| To: | Holecek, Michael [MHolecek@gibsondunn.com]; Gregg Farano [gregg.farano@doordash.com]; Lipshutz, Joshua S. [JLipshutz@gibsondunn.com]; Helena Erickson [herickson@cpradr.org] |
| BCC: | Allen Waxman [awaxman@cpradr.org] |
| Subject: | RE: DD/CPR call |
| Attachments: | Mass-Claims Employment-Related Protocol--DD-001.docx |

*Please find attached the Protocol with one addition we have made in footnote 3.*

*What is the status out there?*

*We are still working through some issues here.*

*Thanks*

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Monday, October 28, 2019 2:52 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

*Michael, Gregg and Josh – Helena may not be able to join us for today's call, but let's proceed in any event.*

*I am attaching the latest version of the Protocol. We should be able to post the Protocol and a template before week's end. We do think it important that all claimants who will be subject to the Protocol be given the opportunity to review the Protocol before signing on.*

*In terms of the fee structure under the Protocol, we propose to specify those fees separately in a note to be accepted and confirmed by you all. We should have numbers shortly, but I just want to specify what they will cover:*

- *The <u>initiation fee</u> (Para 1) shall cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The <u>appointment fee</u> per arbitrator appointment (para 4f and Para 22) shall cover the costs relating to managing the appointment process;*
- *The <u>mediation administrative fee</u> (Para 8) shall cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*
- *The <u>presentation fee</u> (Para 19) shall cover the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*
- *There are references to other <u>a la carte fees</u> in the Protocol should other services be needed (i.e., fundholding); and*
- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

-----Original Appointment-----
**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Friday, October 25, 2019 5:05 PM
**To:** Holecek, Michael; Gregg Farano; Lipshutz, Joshua S.; Allen Waxman; Helena Erickson
**Subject:** DD/CPR call

**When:** Monday, October 28, 2019 2:00 PM-3:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

**Toll-free dial-in number (U.S. and Canada):**
(866) 747-5969

**International dial-in number:**
(631) 812-8554

**Conference code:**
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

# Exhibit M

| | |
|---|---|
| **From**: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent**: | 10/30/2019 5:40:28 PM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com] |
| **BCC**: | Allen Waxman [awaxman@cpradr.org] |
| **Subject**: | RE: DD/CPR call |
| **Attachments**: | Employment-Related Mass Claims Protocol.docx |

Michael – one other change.  See paragraph 27, which we think necessary given various state laws.

Let me know if you have any questions.  We are going to send off the agreement.

Any updates on status?

---

**From:** Allen Waxman
**Sent:** Tuesday, October 29, 2019 12:42 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

*Please find attached the Protocol with one addition we have made in footnote 3.*

*What is the status out there?*

*We are still working through some issues here.*

*Thanks*

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Monday, October 28, 2019 2:52 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

*Michael, Gregg and Josh – Helena may not be able to join us for today's call, but let's proceed in any event.*

*I am attaching the latest version of the Protocol. We should be able to post the Protocol and a template before week's end.  We do think it important that all claimants who will be subject to the Protocol be given the opportunity to review the Protocol before signing on.*

*In terms of the fee structure under the Protocol, we propose to specify those fees separately in a note to be accepted and confirmed by you all.  We should have numbers shortly, but I just want to specify what they will cover:*

- *The __initiation fee__ (Para 1) shall cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The __appointment fee__ per arbitrator appointment (para 4f and Para 22) shall cover the costs relating to managing the appointment process;*
- *The __mediation administrative fee__ (Para 8) shall cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*

CONFIDENTIAL

- *The <u>presentation fee</u> (Para 19) shall cover the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*
- *There are references to other <u>a la carte fees</u> in the Protocol should other services be needed (i.e., fundholding); and*
- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

-----Original Appointment-----
**From:** Holecek, Michael <<u>MHolecek@gibsondunn.com</u>>
**Sent:** Friday, October 25, 2019 5:05 PM
**To:** Holecek, Michael; Gregg Farano; Lipshutz, Joshua S.; Allen Waxman; Helena Erickson
**Subject:** DD/CPR call
**When:** Monday, October 28, 2019 2:00 PM-3:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

**Toll-free dial-in number (U.S. and Canada):**
(866) 747-5969

**International dial-in number:**
(631) 812-8554

**Conference code:**
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at <u>https://www.gibsondunn.com/</u> for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

CPR_000278

# Exhibit N

| From: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP |
| | (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| Sent: | 10/29/2019 10:10:50 AM |
| To: | tjsabatino@gmail.com; Kiernan, John S. [jskiernan@debevoise.com] |
| CC: | Helena Erickson [herickson@cpradr.org] |
| BCC: | Allen Waxman [awaxman@cpradr.org] |
| Subject: | RE: Mass Claims Protocol |

*We spoke to Door Dash last evening.  They may want to launch as early as later today albeit this may have to be tempered by our getting everything up on the website in a timely fashion.*

*They are seeking to modify all of their contracts with their "Dashers" to change from AAA to CPR.  They will decide whether to do this under our Administered or Non-Administered Rules, but in either event, once the threshold is hit, the Protocol will apply and will govern.*

*They are offering opt out opportunities to new Dashers but, for those who have already been given an opt out opportunity from arbitration, they will not get a separate opt out opportunity before signing off on an amended contract – other than the ability not to sign up.  The idea is for the contracts to link to the Protocol on our website.*

*We will not publicly disclose our fees but just refer folks who want to avail themselves of the Protocol to consult with us.  We will gain the agreement of Door Dash to the below fee structure.*

*We are ready to execute.*

*Please let us know if you have any remaining questions.*

*Thanks*

**From:** Allen Waxman
**Sent:** Sunday, October 27, 2019 4:26 PM
**To:** 'tjsabatino@gmail.com' <tjsabatino@gmail.com>; 'Kiernan, John S.' <jskiernan@debevoise.com>
**Cc:** Helena Erickson <herickson@cpradr.org>
**Subject:** Mass Claims Protocol

*Tom and John – hope this note finds you well.  As we discussed some weeks ago, we have proceeded in our discussions with Gibson Dunn and its client Door Dash in developing the attached Protocol (which has also benefited from inputs from a number of lawyers at our members, including Ken Feinberg).  Door Dash may want to go live with this Protocol this week as it updates its contracts with its contractors.*

*Please let us know if you have any additional comments or questions.  In addition to the terms of the Protocol, we will propose the following fee structure under the Protocol to Door Dash for their confirmation:*

- *The initiation fee (Para 1) shall be $60,000.00, which covers the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The appointment fee per arbitrator appointment (Para 4f and Para 22) shall be $3000.00, which covers the costs relating to managing the appointment process;*
- *The mediation fee (Para 8) shall be $15,000.00, which covers the costs relating to anonymization of the test case awards as well as selection of the mediator;*
- *The presentation fee (Para 19) shall be $15,000, which covers the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins; and*

CONFIDENTIAL

CPR_000255

- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

CONFIDENTIAL

CPR_000256

# Exhibit O

**From**:      Holecek, Michael [MHolecek@gibsondunn.com]
**Sent**:      10/30/2019 6:23:07 PM
**To**:        Allen Waxman [awaxman@cpradr.org]
**Subject**:   RE: DD/CPR call

Thanks, Allen.
Our timing is stable right now, and I don't anticipate having to do anything before Thursday.


**Michael J. Holecek**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 • Fax +1 213.229.6018
MHolecek@gibsondunn.com • www.gibsondunn.com

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Wednesday, October 30, 2019 2:40 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** RE: DD/CPR call

[External Email]
Michael – one other change.  See paragraph 27, which we think necessary given various state laws.

Let me know if you have any questions.  We are going to send off the agreement.

Any updates on status?

---

**From:** Allen Waxman
**Sent:** Tuesday, October 29, 2019 12:42 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

*Please find attached the Protocol with one addition we have made in footnote 3.*

*What is the status out there?*

*We are still working through some issues here.*

*Thanks*

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Monday, October 28, 2019 2:52 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call


*Michael, Gregg and Josh – Helena may not be able to join us for today's call, but let's proceed in any event.*

CONFIDENTIAL

*I am attaching the latest version of the Protocol. We should be able to post the Protocol and a template before week's end.  We do think it important that all claimants who will be subject to the Protocol be given the opportunity to review the Protocol before signing on.*

*In terms of the fee structure under the Protocol, we propose to specify those fees separately in a note to be accepted and confirmed by you all.  We should have numbers shortly, but I just want to specify what they will cover:*

- *The <u>initiation fee</u> (Para 1) shall cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The <u>appointment fee</u> per arbitrator appointment (para 4f and Para 22) shall cover the costs relating to managing the appointment process;*
- *The <u>mediation administrative fee</u> (Para 8) shall cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*
- *The <u>presentation fee</u> (Para 19) shall cover the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*
- *There are references to other <u>a la carte fees</u> in the Protocol should other services be needed (i.e., fundholding); and*
- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

-----Original Appointment-----
**From:** Holecek, Michael <<u>MHolecek@gibsondunn.com</u>>
**Sent:** Friday, October 25, 2019 5:05 PM
**To:** Holecek, Michael; Gregg Farano; Lipshutz, Joshua S.; Allen Waxman; Helena Erickson
**Subject:** DD/CPR call
**When:** Monday, October 28, 2019 2:00 PM-3:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

Toll-free dial-in number (U.S. and Canada):
(866) 747-5969

International dial-in number:
(631) 812-8554

Conference code:
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at <u>https://www.gibsondunn.com/</u> for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

CPR_000293

# Exhibit

# P

| **From**: | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP |
|---|---|
| | (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent**: | 10/31/2019 3:26:38 PM |
| **To**: | Holecek, Michael [MHolecek@gibsondunn.com] |
| **CC**: | Helena Erickson [herickson@cpradr.org] |
| **BCC**: | Allen Waxman [awaxman@cpradr.org] |
| **Subject**: | RE: DD/CPR call |

Michael – we are ready to launch and will post the Protocol to our website once Gregg signs off on the Payment Terms and you all give the go ahead

thanks

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Wednesday, October 30, 2019 6:23 PM
**To:** Allen Waxman <awaxman@cpradr.org>
**Subject:** RE: DD/CPR call

Thanks, Allen.
Our timing is stable right now, and I don't anticipate having to do anything before Thursday.


**Michael J. Holecek**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 ◦ Fax +1 213.229.6018
MHolecek@gibsondunn.com ◦ www.gibsondunn.com


**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Wednesday, October 30, 2019 2:40 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>
**Subject:** RE: DD/CPR call

[External Email]
Michael – one other change.  See paragraph 27, which we think necessary given various state laws.

Let me know if you have any questions.  We are going to send off the agreement.

Any updates on status?

**From:** Allen Waxman
**Sent:** Tuesday, October 29, 2019 12:42 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

***Please find attached the Protocol with one addition we have made in footnote 3.***

***What is the status out there?***

CPR_000297

*We are still working through some issues here.*

*Thanks*

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Monday, October 28, 2019 2:52 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Gregg Farano <gregg.farano@doordash.com>; Lipshutz, Joshua S. <JLipshutz@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** RE: DD/CPR call

*Michael, Gregg and Josh – Helena may not be able to join us for today's call, but let's proceed in any event.*

*I am attaching the latest version of the Protocol. We should be able to post the Protocol and a template before week's end.  We do think it important that all claimants who will be subject to the Protocol be given the opportunity to review the Protocol before signing on.*

*In terms of the fee structure under the Protocol, we propose to specify those fees separately in a note to be accepted and confirmed by you all.  We should have numbers shortly, but I just want to specify what they will cover:*

- *The <u>initiation fee</u> (Para 1) shall cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*
- *The <u>appointment fee</u> per arbitrator appointment (para 4f and Para 22) shall cover the costs relating to managing the appointment process;*
- *The <u>mediation administrative fee</u> (Para 8) shall cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*
- *The <u>presentation fee</u> (Para 19) shall cover the costs relating to refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*
- *There are references to other <u>a la carte fees</u> in the Protocol should other services be needed (i.e., fundholding); and*
- *Finally, subject to Para 27, CPR reserves the right to revisit with Door Dash the fee structure subject to experience under the Protocol.*

-----Original Appointment-----
**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Friday, October 25, 2019 5:05 PM
**To:** Holecek, Michael; Gregg Farano; Lipshutz, Joshua S.; Allen Waxman; Helena Erickson
**Subject:** DD/CPR call
**When:** Monday, October 28, 2019 2:00 PM-3:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (866) 747-5969, code 2132297018

**Toll-free dial-in number (U.S. and Canada):**
(866) 747-5969

**International dial-in number:**
(631) 812-8554

**Conference code:**
2132297018

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to

you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit

# Q

| From: | Gregg Farano [gregg.farano@doordash.com] |
|---|---|
| Sent: | 10/31/2019 7:18:37 PM |
| To: | Allen Waxman [awaxman@cpradr.org] |
| CC: | Holecek, Michael [MHolecek@gibsondunn.com]; Helena Erickson [herickson@cpradr.org]; Lipshutz, Joshua S. [JLipshutz@gibsondunn.com]; Seth Sias [seth.sias@doordash.com] |
| Subject: | Re: Employment-Related Mass Claims matter - AGREEMENT |
| | |
| Flag: | Flag for follow up |

Allen,

I have reviewed the terms relating to application of CPR's Employment-Related Mass Claims Protocol and agree to such on behalf of DoorDash.

Please let us know when the Protocol is published so that we may link to it in our terms and conditions.

Best,
Gregg



**Gregg Farano**
Associate General Counsel - Head of Litigation
DoorDash.com

On Wed, Oct 30, 2019 at 2:50 PM Allen Waxman <awaxman@cpradr.org> wrote:

*Gregg – We ask that you confirm on behalf of Door Dash by return email the agreement of Door Dash to the following terms (references to "Para" are to paragraphs in the Protocol) relating to application of CPR's Employment-Related Mass Claims Protocol:*

> • *The initiation fee of $70,000.00 (Para 1) shall be paid to CPR to cover the costs for processing the template relating to the Initial Mass Arbitrations filed with CPR, support for the resolution by the Administrative Arbitrator of any disputes relating to the application of the Protocol to particular claims, and the initial presentation of the Master List to counsel for Door Dash;*

> • *The appointment fee of $3000.00 per arbitrator appointment (para 4f and Para 22) shall be paid to CPR to cover the costs relating to managing the appointment process;*

> • *The mediation administrative fee of $20,000.00 (Para 8) shall be paid to CPR to cover the costs relating to anonymization of the test case awards as well as selection of the mediator;*

> • *The presentation fee of $15,000.00 (Para 19) shall be paid to CPR to cover the costs relating to any refreshing of the Master List, addressing any objections to the Master List as well as the costs of sequencing opt-outs and opt-ins;*

- *Door Dash agrees to pay a la carte fees in the Protocol applicable to other services that are needed (i.e., fundholding); and*

- *Subject to Para 28, CPR reserves the right to revisit with Door Dash the fee structure as circumstances arise under the Protocol.*

*Finally, Door Dash agrees that its inclusion of this Protocol in its contracts and application to its counterparties shall comply with all applicable laws, ordinances, regulations, and orders of any relevant jurisdiction*

CONFIDENTIAL

# Exhibit R

| | |
|---|---|
| **From:** | Allen Waxman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E31B05E866BD4819B766DC92347F90BA-ALLEN WAXMA] |
| **Sent:** | 11/4/2019 5:46:55 PM |
| **To:** | Holecek, Michael [MHolecek@gibsondunn.com]; Helena Erickson [herickson@cpradr.org] |
| **BCC:** | Allen Waxman [awaxman@cpradr.org] |
| **Subject:** | RE: 2 questions |

Michael – we have posted the Protocol.

Can you please let us know when you believe contracts with links will be distributed.

Thanks much!

---

**From:** Allen Waxman <awaxman@cpradr.org>
**Sent:** Saturday, November 2, 2019 3:34 PM
**To:** Holecek, Michael <MHolecek@gibsondunn.com>; Helena Erickson <herickson@cpradr.org>
**Subject:** Re: 2 questions

Mike - sorry for the tardiness of my reply.  We decided to hold off until Monday as we wanted to prepare some explanatory documents for the Protocol.

We have not typically provided our waivers given our bandwidth but let's discuss what you have in mind.

Allen Waxman
President & CEO
International Institute for Conflict Prevention and Resolution
646-753-8248

---

**From:** Holecek, Michael <MHolecek@gibsondunn.com>
**Sent:** Friday, November 1, 2019 7:22 PM
**To:** Allen Waxman; Helena Erickson
**Subject:** 2 questions

Allen and Helena,

I'm sorry to bother you on a Friday late afternoon, and no need to respond until Monday, but I had two quick questions:

1.  Are you still planning on publishing the new protocol today, or is there a new ETA for publishing it?

2.  I don't think we've discussed this before, but does CPR grant fee waivers to claimants who cannot afford fees and/or have income that falls below a certain threshold?  AAA offers fee waivers, but I did not see it on your website.  We're just curious about what your policy is with respect to fee waivers.

Thanks!  I hope you both have a great weekend.

**Michael J. Holecek**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7018 • Fax +1 213.229.6018
MHolecek@gibsondunn.com • www.gibsondunn.com

CONFIDENTIAL

CPR_000310

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIAL

CPR_000311