GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Respondent CAVIAR, LLC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRELL ABERNATHY, et al., <br><br> Petitioners, <br><br> v. <br><br> DOORDASH, INC., <br><br> Respondent. <br><br> _____ <br><br> DAVID PRINCE, <br><br> Petitioner, <br><br> v. <br><br> CAVIAR, LLC, <br><br> Respondent. | Case Nos. 3:19-cv-07545-WHA & 3:20-cv-01292 <br><br> **CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP** <br><br> Complaint Filed:  February 20, 2020 <br> Trial Date:        None set |

Gibson, Dunn & Crutcher LLP

CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP
CASE NOS. 3:19-CV-07545-WHA & 3:20-CV-01292

**Introduction**

Caviar, LLC submits this response pursuant to the Court's March 3, 2020 order. *Prince* Dkt. 20. Caviar respectfully submits that *Prince v. Caviar, LLC*, Case No. 3:20-cv-01292, filed in this District on February 20, 2020 and pending before the Honorable Richard Seeborg, is not related to *Abernathy v. DoorDash, Inc.*, Case No. 3:19-cv-07545-WHA.

First, the two cases do not "concern substantially the same parties, property, transaction or event." N.D. Cal. Civ. L.R. 3-12(a)(1). In *Abernathy*, a group of petitioners filed a motion against DoorDash, Inc. to compel arbitration with AAA. *Prince*, by contrast, arises from one individual's arbitration demand against Caviar with JAMS, for which Caviar already paid filing fees and has agreed to arbitrate. The two disputes concern different plaintiffs, defendants, arbitration agreements, arbitration administrators, and requested relief. Thus, the two cases do not concern the "same parties, property, transaction or event."

Second, relating *Prince* to *Abernathy* would not avoid any duplication of labor, expense, or inconsistent rulings. *See* N.D. Cal. Civ. L.R. 3-12(a)(2). There is nothing left for the Court to do in *Abernathy* because it already resolved the motion to compel arbitration.[1]

**Factual Background**

In *Abernathy*, the law firm Keller Lenkner LLC moved to compel arbitration with AAA on behalf of a group of petitioners—"Dashers" who alleged they were misclassified as independent contractors. *See Abernathy* Dkt. 150 at 2. On February 10, 2020, the Court granted the *Abernathy* petitioners' motion "as to the 5,010 petitioners who submitted declarations" and denied the motion "as to the 869 petitioners" who failed to submit declarations. *Abernathy* Dkt. 177 at 5. The order also gave "any party who disagreed" with the Court's ruling on the motion to seal "14 days to seek relief" with the Ninth Circuit. *Id.* at 8. That deadline passed on February 24, 2020, and no party has sought such relief.

On February 18, 2020, Prince filed an individual arbitration demand with JAMS alleging that

---

[1] This response is not intended to operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, or objection, including, without limitation, personal jurisdiction, insufficient process, and/or insufficient service of process.

CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP
CASE NOS. 3:19-CV-07545-WHA & 3:20-CV-01292

Gibson, Dunn &
Crutcher LLP

1    Caviar misclassifies him as an independent contractor.  Despite no indication that Caviar would oppose

2    arbitration, on February 20, Prince filed a motion to compel arbitration.  *Prince* Dkt. 4 at 1.  On

3    February 21, Caviar's counsel sent a letter to Keller Lenkner explaining that the petition to compel

4    arbitration was improper and requesting that Keller Lenkner withdraw the petition.  *Prince* Dkt. 21-1

5    at 133.  Caviar explained that a party may file a petition to compel arbitration only if he is "aggrieved

6    by the alleged failure, neglect, or refusal of another to arbitrate."  *Id.* (citing 9 U.S.C. § 4).  In its

7    February 21 letter, counsel for Caviar "confirm[ed] that [Caviar] will arbitrate with Mr. Prince pursuant

8    to the claim he filed with JAMS."  *Id.*  On February 22, Keller Lenkner responded to Caviar's February

9    21 letter, declining to withdraw Prince's motion.  *Id.* at 136.

10        On February 28, Caviar received an invoice from JAMS for a filing fee of $1,750 in relation to

11   Prince's arbitration demand.  Caviar promptly paid the filing fee on the next business day, March 2.

12   *Prince* Dkt. 21-1 at 208–209.  On March 5, Caviar filed its response to Prince's motion to compel

13   arbitration, arguing that Prince has not been "aggrieved" under 9 U.S.C. § 4 because Caviar has not

14   "refuse[d] to arbitrate," and that the action was moot.  *Prince* Dkt. 21 at 9–10.

### Argument

16        *Prince* and *Abernathy* are not related because they do not concern the "same parties, property,

17   transaction or event" and there is no "likelihood that there will be an unduly burdensome duplication

18   of labor and expense or conflicting results if the cases are conducted before different Judges."  N.D.

19   Cal. Civ. L.R. 3-12(a).

20        First, *Prince* and *Abernathy* concern different parties and different transactions.  The petitioners

21   in *Abernathy* sought to compel DoorDash to arbitrate their claims before AAA.  *Abernathy* Dkt. at 4–

22   5.  Prince, by contrast, seeks individual arbitration with JAMS to resolve his dispute with Caviar.[2]

23   *Prince* Dkt. 4 at 17.  These cases are dissimilar:  They involve different defendants (Caviar and

24   DoorDash), different plaintiffs, different arbitration agreements, and different arbitration administers

25   (AAA and JAMS).  Further, the defendant in *Prince* has already agreed to arbitration and has paid its

_____

[2]  On October 31, 2019, DoorDash acquired Caviar as its wholly owned subsidiary.  According to Petitioner's declaration, he signed up to be a courier with Caviar on August 26, 2018, and made his last delivery using Caviar's platform "in October 2019." *Prince* Dkt. 5 at 2.

Gibson, Dunn &
Crutcher LLP

filing fees to JAMS.

Second, relating *Prince* and *Abernathy* would not further the goal of relating cases—promoting judicial economy and decreasing the likelihood of conflicting or duplicative litigation. *See* N.D. Cal. Civ. L.R. 3-12(a). The *Abernathy* petitioners have already been compelled to arbitration. "Having ordered arbitration, the district court has nothing left to do" in *Abernathy*. *PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 643 (9th Cir. 1988). Thus, irrespective of what transpires in *Prince*, there is no risk of duplicative proceedings or conflicting rulings.

In analogous contexts, where the earlier-filed case is stayed pending proceedings before another forum, closed, or inactive, courts in this district routinely deny motions to relate a later-filed case. *Carlyle Fortran Tr. v. NVIDIA Corp.*, 2008 WL 4717467, at *1 (N.D. Cal. Oct. 24, 2008) (denying motion to relate when allegedly related cases were inactive or stayed pending appeal); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (relation would not avoid unduly burdensome duplication of resources because allegedly related cases were stayed pending mediation and appeal). These rulings make sense because, in this district, judicial economy is the primary consideration when ruling on a motion to relate under Local Rule 3-12(a). *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2012 WL 3757486, at *4 n.10 (N.D. Cal. July 5, 2012).

**Conclusion**

*Prince* is not related to *Abernathy*.

Dated:  March 10, 2020

GIBSON, DUNN & CRUTCHER LLP


By:  _____*/s/ Joshua Lipshutz*_____
Joshua Lipshutz


Attorneys for Respondent CAVIAR, LLC

**PROOF OF SERVICE**

I, Tim Kolesk, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State.  On March 10, 2020, I served the following document(s):

**CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP**

On the parties stated below:

CUSTIS LAW, P.C.
Keith A. Custis
  kcustis@custislawpc.com
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (213) 863-4276

KELLER LENKNER LLC
Travis Lenkner
  tdl@kellerlenkner.com
Aaron Zigler
  amz@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Telephone: (312) 741-5220

Attorneys for Petitioner David Prince (Case No. 3:20-cv-01292)

KELLER LENKNER LLC
Ashley Keller
  ack@kellerlenkner.com
Marquel Reddish
  mpr@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman
  wdp@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

Gibson, Dunn & Crutcher LLP

CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP
CASE NOS. 3:19-CV-07545-WHA & 3:20-CV-01292

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Justin Griffin
    justingriffin@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3100

Andrew Schapiro
    andrewschapiro@quinnemanuel.com
191 N. Upper Wacker Dr., Suite 2700 Chicago, Illinois 60606
(312) 705-7472

Attorneys for Petitioners (Case No. 3:19-cv-07545-WHA)

By the following means of service:

☑   **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I
    electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed
    document(s) to the United States District Court's Case Management and Electronic Case
    Filing (CM/ECF) system. After the electronic filing of a document, service is deemed
    complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF
    users.

☑   **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2020

                                    ___/s/    *Tim Kolesk*___

                                         Tim Kolesk

CAVIAR, LLC'S RESPONSE TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP
CASE NOS. 3:19-CV-07545-WHA & 3:20-CV-01292

Gibson, Dunn &
Crutcher LLP